Robert L. HATTER, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 4933.

United States District Court E. D. Oklahoma.

Oct. 30, 1961.

William J. Williams, Ardmore, Okl., for plaintiff.

Edwin G. Langley, U. S. Atty., Clyde Stipe, Asst. U. S. Atty., Muskogee, Okl., for defendant.

EUGENE RICE, Chief Judge.

Now on this 17th day of October, 1961, this cause comes before the Court for review of the Order of the defendant made and entered on January 19, 1961. The plaintiff, Robert L. Hatter, appears in person and by his attorney, William J. Williams, and the defendant, Abraham A. Ribicoff, Secretary of Health, Education and Welfare, appears by his attorney, Clyde Stipe, Assistant United States Attorney for the Eastern District of Oklahoma. After examining the record in this case and hearing the argument of counsel and being fully advised in the premises, the Court finds:

1. This is an action brought by plaintiff pursuant to Title 42 U.S.C.A. § 405 (g) to obtain a review of the Order of the defendant made and entered on January 19, 1961, denying to plaintiff the right to disability benefits under the Social Security Law of the United States. The defendant filed his Answer herein and this matter is submitted on the record by both parties.

2. On April 9, 1957, plaintiff filed an application to establish a period of disability, and on July 8, 1957, he filed an application for disability insurance benefits with the Bureau of Old Age and Survivors Insurance under the provisions of Title II of the Social Security Act, alleging date of onset of disability as April 15, 1956, which applications were denied by the Bureau on December 5, 1957. Thereafter, plaintiff requested reconsideration and, upon reconsideration, the Bureau affirmed its denial on March 10, 1958. Plaintiff then requested a hearing before a Hearing Examiner, which hearing was held on December 9,

1958, which plaintiff attended with counsel and testified. On January 22, 1959, the Hearing Examiner issued his decision also denying the aforementioned applications of plaintiff. Plaintiff then requested the Appeals Counsel to review the decision of the Hearing Examiner and on June 11, 1959, the Appeals Counsel denied the request for review, thereby, under the regulations and practices of defendant, leaving the decision of the Hearing Examiner of January 22, 1959, as the final decision of defendant, subject to judicial review under Section 205 (g) of the Act (42 U.S.C.A. § 405(g)). The plaintiff was notified of the decision of the defendant on June 11, 1959, and plaintiff elected not to file a civil action for a judicial review of the decision of the Appeals Counsel.

3. On January 22, 1960, plaintiff filed an application to establish a period of disability and for disability insurance benefits under said Act in which he again alleged that he became disabled on April 15, 1956. This application was denied by the Bureau on May 5, 1960. Plaintiff requested reconsideration, and upon reconsideration, the Bureau affirmed its denial on July 19, 1960. On August 1, 1960, plaintiff requested a hearing before the Hearing Examiner, expressly waiving his right to appear and give evidence, and on October 26, 1960, the Hearing Examiner again denied the claim of plaintiff. On November 17, 1960, plaintiff requested the Appeals Counsel to review the decision of the Hearing Examiner. Thereafter, on January 19, 1961, the Appeals Counsel dismissed the claim of plaintiff because the issues involved had previously been finally decided adversely to plaintiff by the decision of the Hearing Examiner on January 22, 1959, on the earlier applications.

4. The action of the Appeals Counsel on January 19, 1961, dismissing plaintiff's request is not a final decision of the Secretary of Health, Education and Welfare within the meaning of Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), and, therefore, is not reviewable in this action and this Court is without jurisdiction to review it.

5. The final decision of the Appeals Counsel, rendered on June 11, 1959, and the findings on which said decision is based, by virtue of the fact that plaintiff never instituted any action or proceeding for judicial review of said final decision of the Secretary within sixty (60) days after date of mailing of notices of such decision, as required by law, are binding on and conclusive against plaintiff herein by virtue of Section 205(h) of said Act, 42 U.S.C.A. § 405(h).

It Is Therefore Ordered, Adjudged and Decreed by the Court that the decision of the Secretary of Health, Education and Welfare be and it is hereby affirmed and the plaintiff's complaint be and hereby is dismissed.