Kenneth E. BOLES

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. A. No. 928.

United States District Court
W. D. Virginia,
Abingdon Division.

Nov. 8, 1962.

Cline & McAfee, Attys. at Law, Norton, Va., for plaintiff.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

In 1944 Kenneth E. Boles was severely injured in an accident in the coal mine in which he was then working as an employee of the Wise Coal Company. He never went back to work for the Wise Coal Company because, as he testified, he could not thereafter pass the physical examination that was required of employees by that company. He worked, with difficulty, in the period from 1945 to early 1948 for the Dixiana Coal Company which did not require a physical examination of its employees but then stopped working because he "just couldn't make it".

To be entitled to benefits under the Social Security Act for disability, one must meet the "coverage requirement" of the Act at the time he becomes disabled. This requirement is that the applicant must have had earnings upon which social security taxes were payable for at least twenty (20) quarters during the forty-quarter period which ends with the quarter in which the disability occurs. Plaintiff last met these requirements on June 30, 1952. Consequently to be entitled to benefits he must show disability prior to that date.

On June 27, 1955 plaintiff filed an application for the establishment of a period of disability alleged to have resulted, at least in part, from the 1944 accident. Of course at the time of the accident in 1944 he had met the coverage requirements of the Act and, as above indicated, continued to meet them until June 30, 1952.

A medical report from Dr. E. J. Benko, dated July 2, 1955 stated that plaintiff's "affliction has been so disabling that he has been totally incapacitated as a miner". Nevertheless on August 3, 1956 the Assistant Director of the Department of Health, Education and Welfare determined that, although the plaintiff had established an impairment of his earning capacity, that impairment was not "severe enough to prevent you from doing some kind of gainful work." To be entitled to benefits under the Act the disability must be such as to prevent the employee from engaging in "any substantial gainful activity." Consequently the plaintiff's application for benefits was denied.

This conclusion of the Department might well have been questioned at that time since the plaintiff was a resident of Wise County in the coal mining area where it is very difficult to find any work other than coal mining. And it has been held that even though a claimant might, theoretically, be capable of doing some kind of sedentary work he will nevertheless be entitled to disability benefits if there is no such work available in the area where the claimant lives. And it has also been held that in such case the burden is on the government to show what the plaintiff can do and that work in that line is available. See Kerner v. Flemming, 2 Cir., 283 F.2d 916; Parfenuk v. Flemming, D.C., 182 F.Supp. 532; Scales v. Flemming, D.C., 183 F. Supp. 710; Klimaszewski v. Flemming, D.C., 176 F.Supp. 927; Isom v. Ribicoff, 204 F.Supp. 572; Sparks v. Ribicoff, D. C., 197 F.Supp. 174; Teeter v. Flemming, 7 Cir., 270 F.2d 871.

However the letter of the Assistant Director denying disability benefits contained the routine paragraph to the effect that if the claimant disagreed with the determination he could request a reconsideration or a hearing before a Referee. The claimant did neither.

On September 27, 1960 the plaintiff filed a new application for disability benefits, this time based on "active tuberculosis". This application was denied on January 9, 1961. In February of 1961 Dr. W. E. Apperson diagnosed the patient as having a definite case of tuberculosis and on February 27, 1961 the plaintiff requested reconsideration of the matter. This request was denied on March 30, 1961, whereupon the plaintiff requested a hearing before a Hearing Examiner

which was held September 21, 1961 and on November 7, 1961 the application was again denied by the Hearing Examiner. After exhausting all of his administrative remedies the plaintiff brought this suit.

█ In the light of the cases cited above the administrator might well have been in error in declining to grant the plaintiff disability benefits upon his 1955 application. However it would appear that the plaintiff, having failed to pursue his remedies further at that time and ultimately to bring the matter before the courts after final determination against him by the administrator, cannot now do so. In other words that issue is *res adjudicata.*

In Hobby v. Hodges, 10 Cir., 215 F.2d 754, a case substantially the same on this question as this case, the court said at p. 759:

" * * * After a final decision following a hearing, any individual who was a party to that hearing may obtain a review of such decision by civil action brought in the proper United States District Court, but that action may be brought only within sixty days after the mailing to the party of the notice of such decision. Upon review, the court has the power to affirm, modify, or reverse the decision. The findings of the Board as to any fact, if supported by substantial evidence, are conclusive upon the court and are not otherwise subject to review. The findings and decision therefore may become final either by lapse of time or court approval. Federal Trade Commission v. Morton Salt Co., 334 U.S. 37, 54, 68 S.Ct. 822, 92 L.Ed. 1196. To permit the applicant to relitigate a claim after failure to obtain a court review within the statutory time would run counter to the apparent purposes and provisions of the Act. Thompson v. Social Security Board, 81 U.S.App.D.C. 27, 154 F.2d 204; United States v. LaLone, 9 Cir., 152 F.2d 43; Social Security Board

v. Warren, 8 Cir., 142 F.2d 974; Walker v. Altmeyer, 2 Cir., 137 F.2d 531; Cf. South v. Railroad Retirement Board, 5 Cir., 131 F.2d 748; United States v. Willard Tablet Co., 7 Cir., 141 F.2d 141. If the applicant in this case is permitted to have his claim relitigated, as he has sought to do, there would be no end to the controversy, and the provision in the statute which requires an action to be brought within sixty days after notice of a decision would become meaningless."

So we can consider on this appeal only the plaintiff's 1960 application which is based on tuberculosis. That plaintiff does have tuberculosis sufficient to disable him is clear from the report of Dr. Apperson dated February 9, 1961 and there is an earlier medical report from Dr. Parcel, dated June 23, 1956, which contains a finding of tuberculosis as of that date. However here the coverage requirement of the Act comes into play. As noted above, to entitle him to benefits under the Act, plaintiff's disabilities must have arisen on or before June 30, 1952. There is not a scintilla of evidence to indicate that plaintiff had tuberculosis on or before that date.

█ I am not prepared to say that, if evidence of a serious tubercular condition as of a date very shortly after the cut-off date of June 30, 1952 had been produced, I would not have been able to say that such condition must have existed on the cut-off date and therefore would not be barred. However the first medical evidence of this condition is in June of 1956, while the date on which the claimant was last insured was June 30, 1952, a matter of approximately four years. I certainly cannot assume that the condition that was found to exist in 1956 did exist as early as 1952. Consequently the action of the Secretary of Health, Education and Welfare in denying benefits to the claimant must be sustained.

An order will be entered accordingly.