James W. SALYERS

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. A. No. 927.

United States District Court
W. D. Virginia,
Abingdon Division.

Nov. 21, 1962.

Glen M. Williams, Jonesville, Va., for plaintiff.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for the Secretary of Health, Education and Welfare.

MICHIE, District Judge.

This action was brought to review a final decision of the Secretary of Health, Education and Welfare holding that the plaintiff, James W. Salyers, was not entitled to the establishment of a period of disability under § 216(i) of the Social Security Act, as amended (42 U.S.C.A. § 416(i)), nor to disability insurance benefits under § 223 of said Act (42 U.S.C.A. § 423). The Appeals Council of the Social Security Administration having denied a review of the Examiner's holding, that holding became a final decision of the Secretary and therefore reviewable by action in this court under § 205(g) of said Act (42 U.S.C.A. § 405(g)).

On December 10, 1957 claimant filed his application to establish a period of

disability under the Act and his right to disability benefits, alleging that he had been disabled by a cyst on his lung and by emphysema. Several medical reports appear in the record shortly thereafter, all diagnosing fibrosis and emphysema and a cyst formation on the apex of the left lung. However one doctor rendered no conclusion as to disability, another rated the claimant at "70% vital capacity" and a third concluded that the "patient has some disability" as a result of fibrosis and emphysema and stated that the patient should avoid over-exertion, work in a dusty atmosphere or inclement weather, but adding "I am unable to demonstrate total and permanent disability and feel that he should be employed at some type of work which would not further harm his respiratory tree."

Based on these examinations the Virginia Vocational Rehabilitation Service denied disability, stating that the "applicant does not have impairment of a severity to preclude all types of SGA" (Substantial Gainful Activity?). And the Department of Health, Education and Welfare therefore denied disability. The plaintiff requested a reconsideration, further medical reports confirmed the previous diagnoses and also that to some extent the plaintiff was disabled "but not totally disabled". The Department thereupon advised the plaintiff that the application was denied. This was on April 30, 1959. The plaintiff carried this application no further. The plaintiff did not then request a hearing before a Referee or otherwise exhaust his right to further administrative review and, of course, therefore did not take the matter to court.

All of this history appears in the record and it is clear that through the failure of the plaintiff to exhaust his administrative remedies and then take the matter to court within the various periods prescribed by the Act the adverse decision of the Department under this initial application became res adjudicata. See Hobby v. Hodges, 10 Cir., 215 F.2d 754; Kindig v. Ribicoff, D.C., 202 F.Supp. 198; Boles v. Celebrezze, D.C., 210 F.Supp. 856 and 50 C.J.S. Judgments § 690, p. 148.

On December 16, 1960 plaintiff filed a new application for the establishment of a period of disability and disability insurance benefits under the Act, alleging "emphysema; ruptured blood vessel on brain which required an operation". There is nothing in the record to indicate that the emphysema was any worse than it had been when it had previously been held not to be disabling within the meaning of the Act and consequently relitigation of that question was barred by the doctrine of res adjudicata.

With respect to the brain operation it clearly appears that plaintiff had suffered a severe operation, though the medical reports indicate a complete cure as a result of the operation. But in any event another phase of the Act here comes into play and bars recovery on this 1960 application.

To be entitled to benefits under the Social Security Act for disability, one must meet the "coverage requirement" of the Act at the time he becomes disabled. This requirement is that the applicant must have had earnings upon which social security taxes were payable for at least twenty (20) quarters during the forty-(40) quarter period which ends with the quarter in which the disability occurs. Plaintiff last met these requirements on March 31, 1957. Consequently to be entitled to benefits he must show that the disability occurred on or prior to that date. But the brain operation was occasioned by a hemorrhage which took place on September 15, 1959, well after the plaintiff had ceased to meet the coverage requirements of the Act. At the hearing plaintiff contended that the hemorrhage which resulted in the operation was caused by the preexisting condition of emphysema and fibrosis but there is no medical evidence to that effect and plaintiff admitted at the hearing that no doctor had ever told him that. Consequently, whether or not the hemorrhage and consequent operation were disabling, plaintiff cannot succeed in this action

since he was not covered by the Social Security Act when the disability alleged in this application occurred. It follows therefore that the action of the Secretary of Health, Education and Welfare in denying benefits to the claimant must be sustained.

An order will be entered accordingly.