Alva EPLIN, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 1145.

United States District Court
S. D. West Virginia,
at Huntington.

March 8, 1963.

Harry F. Thompson, Jr., Huntington, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., and George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education and Welfare that he was not entitled to a period of disability and to disability insurance benefits under sections 223 and 216(i) of the Social Security Act, as amended. For the reasons hereinafter stated, it is now found that the decision of the Secretary is supported by substantial evidence and that defendant's motion for summary judgment should be granted.

On February 23, 1961, plaintiff filed an application to establish a period of disability and for disability insurance benefit, alleging that he became disabled in September, 1958. This application was denied by the Bureau of Old-Age and Survivors Insurance both initially and upon reconsideration. On March 16, 1962, a hearing examiner also found that plaintiff was not entitled to a period of disability or to disability insurance benefits. This decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on July 16, 1962.

■ Plaintiff had previously filed an application for disability insurance benefits on January 21, 1959, alleging that he had become unable to work also in September, 1958. On February 5, 1959, he also filed an application to establish a period of disability. The Bureau of Old-Age and Survivors Insurance denied the applications both initially and upon reconsideration. A hearing examiner in an opinion dated May 27, 1960, found the plaintiff was not under a disability. This decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on October 17, 1960. Plaintiff did not seek judicial review of that decision although he was informed by letter dated October 17, 1960 (accompanying a copy of the Appeals Council denial of his request for review) of his right to obtain judicial review of that decision by commencing a civil action in the District Court of the United States in the judicial district in which he resided within 60 days from the date of the letter. That decision became binding on all parties up to January 21, 1959, the date of the first application for disability insurance benefits. 42 U.S.C.A. § 405(h), § 405(g). Therefore, this court is concerned only with the issue as to whether there is substantial evidence to support the final decision of the Secretary, based on the application of February 23, 1961, that plaintiff was not entitled to disability insurance benefits or to a period of disability within the meaning of the Act, as amended.

■ The hearing examiner, in effect, applied the doctrine of res judicata as to the period covered by the first application of January 21, 1959. That this doctrine is applicable in cases of this type is clear. In Social Security Regulations No. 4, section 404.937 (20 C.F.R. 404.-937), it is stated that a hearing examiner may, on his own motion, dismiss a hearing request either entirely or as to any stated issue in the following circumstances:

"* * * (a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision."

In similar circumstances, Judge Michie of the United States District Court for the Western District of Virginia held in Salyers v. Celebrezze, 214 F.Supp. 834, that res judicata was applicable, stating:

"All of this history appears in the record and it is clear that through the failure of the plaintiff to exhaust his administrative remedies and then take the matter to court within the various periods prescribed by the Act the adverse decision of the Department under this initial application became res adjudicata. See Hobby v. Hodges, 10 Cir., 215 F.2d 754; Kindig v. Ribicoff, D.C., 202 F.Supp. 198; Boles v. Celebrezze, D.C., 210 F.Supp. 856 and 50 C.J.S. Judgments § 690, p. 148."

The Boles case is now reported in D.C., 210 F.Supp. 856. To the same effect is the 10th Circuit case of Hobby v. Hodges, supra.

 Applying these principles to the case at bar, the conclusion must be reached that res judicata applies to the facts and circumstances presented at the hearing and upon which the final decision of the Secretary was founded, based on the application of January 21, 1959. In both applications the primary complaint was arthritis. The alleged date of the onset of the alleged disability was different, but the date of the alleged onset in the second application, February 23, 1961, was within the period covered by the decision of May 27, 1960. In the second application plaintiff alleged that sinus was also a cause of his alleged disability. This was not alleged in the first application, but the evidence presented on both applications contains absolutely no evidence concerning a sinus difficulty. It also should here be noted that the evidence presented on both applications was exactly the same for the period up to and including January 21, 1959, the date of the first application. Therefore, as to the period up to January 21, 1959, no new evidence was presented which did not exist and was not considered at the time of the prior final decision of the Secretary. Consequently, res judicata applies to those facts and circumstances upon which the final decision of the Secretary, based on the application of January 21, 1959, was founded. As a result, this court may limit its consideration only to the new evidence presented concerning the period subsequent to January 21, 1959. Here it was incumbent upon plaintiff to show that he was under a disability, within the meaning of the Act, between January 21, 1959, and May 1, 1961, for purposes of disability insurance benefits, or May 23, 1961, for purposes of establishing a period of disability. There is substantial evidence to support the finding of the Secretary that plaintiff has failed to do this.[1]

Plaintiff met the special insured status requirements at the time of the alleged onset of the disability. He will continue to meet these requirements through December 31, 1963.

The new medical evidence consists of two medical reports. The report of Dr. D. J. Cronin, dated January 11, 1961, contained a diagnosis of arthritis. Otherwise, the examination was normal. The second report was made by Dr. Gary L. Ripley. It was dated May 10, 1961, and indicated subjective symptoms of stiffness and swelling of the joints. As objective findings he reported crepitation of the shoulder and knee joints. He made no X-rays. His diagnosis was rheumatoid arthritis. The condition was probably static. In describing plaintiff's specific restrictions, if any, he stated that plaintiff was probably unable to do heavy physical labor but could probably handle a light job. These reports are merely cumulative of many of those presented at the hearing on the first application. They are not evidence which would serve as a basis for revising the findings previ-

---

1. Under the 1960 amendments to the Act the effective period for establishing disability has been advanced somewhat beyond the actual date of application where the applicant's insured status date is subsequent to the application. The same is true as to disability insurance benefits.

ously made. Clearly, they do not depict any deterioration of plaintiff's arthritic condition. There is substantial evidence to support the final decision of the Secretary.

However, even if the record as a whole were to be considered, including the evidence upon which the first decision was based, in connection with the application of February 23, 1961, the result would be the same. There is still substantial evidence in the record to support the finding of the Secretary.

Of particular significance with respect to the evidence submitted in conjunction with the earlier applications is the report of a special orthopedic examination performed by Dr. W. B. MacCracken on December 1, 1959, wherein the doctor specifically reported that a complete orthopedic examination failed to reveal any abnormality in any joint and that an X-ray of the shoulder girdles, the area where plaintiff localized most of his pain, showed no bone or joint abnormality at any point. On the basis of his thorough clinical findings, Dr. MacCracken concluded as follows:

"We are unable to find any significant abnormality in this man or any reason why he cannot be gainfully employed."

Dr. Plymale in his report of April 29, 1959, also noted no impairment of joint motion, and laboratory tests performed by the doctor were described as normal. In connection with his diagnosis of "allergic arthritis," Dr. Plymale expressed the view that the plaintiff was unable to do only *heavy* work "at present," and he further stated, "I believe this man's illness could be corrected with adequate treatment."

Although Dr. Guthrie in a brief statement on September 29, 1958, and in another short statement made in conjunction with Dr. Ripley on April 23, 1960, concluded that the plaintiff was totally disabled because of rheumatoid arthritis, the weight to be accorded such statements is seriously limited by the fact that they are completely unsupported by any clinical evidence. Moreover, in a third report dated March 11, 1959, wherein Dr. Guthrie did make clinical findings, such findings would appear to be inconsistent with his other statements as to plaintiff's ability to work. Thus, Dr. Guthrie reported on March 11, 1959, that he found no bone destruction, no loss of range of motion and no deformities. It is also significant that in this same report Dr. Guthrie described no restriction on plaintiff's activity. To the extent that any of Dr. Guthrie's expressions of opinion are said to represent a conflict in the medical evidence, it is clear that the prior hearing examiner, as the trier of fact, was empowered to resolve such a conflict. Certainly, the prior hearing examiner was justified in placing greater reliance on the reports of Drs. MacCracken and Plymale than on some of those submitted by Dr. Guthrie inasmuch as the views of the former doctors were supported by clinical findings whereas Dr. Guthrie's statements were either completely unsubstantiated by any findings or actually conflicted with those findings which he did make.

Therefore, even if the doctrine of res judicata were not applicable to the period covered by the prior hearing examiner's decision, there is substantial evidence to support the final decision of the Secretary that plaintiff is not entitled to a period of disability or to disability insurance benefits under the Act, as amended.

The examiner pointed out that the evidence submitted by plaintiff on his most recent application only adds two medical reports to the prior record as it was constituted at the time the prior decision was rendered. He properly held that his jurisdiction was limited to the period from January 21, 1959 (the decision of the prior hearing examiner being administratively final to that date), and continuing to the effective date of plaintiff's current application filed February 23, 1961. Nevertheless, the hearing examiner examined the evidence previously of record and found no evidence which might serve as a basis for revision of the conclusions reached. This court has done the same, and finds substantial evidence

to support the finding of the administrative agency.

Therefore, since there is substantial evidence to support the final decision of the Secretary under either theory, defendant's motion for summary judgment is granted