Herman C. RIVERS

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. A. No. 979.

United States District Court
W. D. Virginia,
Abingdon Division.

May 8, 1963.

Robert T. Winston, Jr., Norton, Va., for plaintiff.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

This suit was brought under 42 U.S.C. A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare disallowing a claim of the plaintiff for disability benefits and the establishment of a period of disability under the Social Security Act. The application which was thus disallowed was filed August 16, 1960.

Under the provisions of the Act a person is not entitled to disability benefits or to the establishment of a period of disability unless he has become disabled at a time when he met the "coverage" requirements of the Act, i. e., at a time when he has had earnings subject to social security deductions for twenty quarters out of the last forty such periods. It is conceded that the plaintiff last met this requirement on June 30, 1957 so that to be entitled to the benefits claimed he must have become disabled on or before that date.

There is considerable evidence in the file to the effect that the plaintiff was in fact disabled prior to June 30, 1957. Unfortunately that evidence cannot be considered on this appeal.

This is for the reason that, prior to filing the current application on August 16, 1960, applicant had filed a previous application on November 25, 1958. This first application was denied on April 8, 1959 and applicant took no further steps requesting a reconsideration or a hearing before a Referee. The failure to carry the matter further resulted in the decision denying disability as of November 25, 1958 becoming res adjudicata as to the fact of non-disability on the last date on which the applicant was covered by the Act. Kindig v. Ribicoff, D.C., 202 F. Supp. 198, Boles v. Celebrezze, D.C., 210 F.Supp. 856, Hobby v. Hodges, 10 Cir., 215 F.2d 754, and 50 C.J.S. Judgments § 690 p. 148.

As that proceeding determined that the plaintiff was not disabled within the meaning of the Act as late as November 25, 1958 and as we have seen that to be entitled to benefits under the Act he must, in view of the coverage requirements, have been disabled not later than June 30, 1957, it follows that his current application must be denied on the ground that the question is res adjudicata and the very considerable evidence in the record to the effect that the plaintiff has become disabled in recent years cannot be considered.

An order will be entered accordingly.