Monroe LOVINGOOD, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. A. No. 4113.

United States District Court
W. D. South Carolina,
Spartanburg Division.

July 10, 1963.

Joseph E. Hines, Thomas W. White-side, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

This is an action asking the District Court to review a final decision of the Secretary of Health, Education and Welfare, in accordance with 205(g) of the Social Security Act (42 U.S.C.A. § 405 (g)). The decision of the Secretary denied the plaintiff the period of disability and disability insurance benefits for which he applied.

The plaintiff filed application to establish a period of disability and for dis-ability insurance benefits on .October 27, 1960. His application was denied by the Bureau of Old-Age and Survivors Insurance, Social Security Administration, Department of Health, Education and Welfare on January 7, 1961. A request for reconsideration was filed on February 9, 1961, and plaintiff was advised by letter dated April 20, 1961, that the prior denial had been affirmed. On June 26, 1961, plaintiff requested a hearing before a Hearing Examiner. A hearing was held before a Hearing Examiner of the Social Security Administration, who rendered her decision on March 15, 1962, that the plaintiff was not entitled to the establishment of a period of disability under section 216(i), or to disability insurance benefits under section 223(a) of the Social Security Act, as amended. A request for review of this adverse decision was denied by the Appeals Council on June 29, 1962, and plaintiff filed his complaint in this court on July 28, 1962.

In 1955, plaintiff filed an application for the establishment of a period of disability which application was denied, and on October 29, 1958, he filed for both a period of disability and disability insurance benefits. Both applications were denied and on a reconsideration their denial was affirmed. The plaintiff, however, did not request a hearing and no further administrative action was requested or taken on these prior applications, the reconsidered determination of July 13, 1959, on the 1958 applications being the last administrative action taken on the applications. This decision, therefore, is final, establishing for the purposes of this case that the plaintiff cannot be deemed to have been under a disability for any period prior to October 29, 1958, the date on which the 1958 applications were filed.

The plaintiff met the special earnings requirement of the Act through March 31, 1959. In order to be entitled to a period of disability and for disability insurance benefits, based on his 1960 application, the application involved in this case, the plaintiff must show that he was under a disability on or before March

31, 1959, the date his insured status expired, and after October 29, 1958, the last day of the period covered by the determination of his 1958 application.

The plaintiff in this case was born April 14, 1907. He started to work when he was ten or twelve years old. He never attended school and cannot read or write. He is married and has seven children under the age of eighteen. He lives in a four-room, rented house with no inside bathroom. His entire work history has been in the textile industry. He quit work in 1954, because of high blood pressure and pain in his back.

The plaintiff complains of pain in his back, legs, arms and chest, dizziness, shortness of breath, loss of memory and burning in his stomach, he does not work, he helps his wife around the house all that he is able to do, he drives an automobile on infrequent occasions, he just lies around the house and rests, watches television, and sometimes rides in the truck or car with his landlord who buys, sells and trades cattle, he has been turned down twice for employment in textile mills because he could not pass the physical examination.

The medical history of the plaintiff discloses in 1954–1955, a diagnosis of hypertension and arthritis; in 1956, plaintiff was operated on for a right inguinal hernia, he had previously been operated on for a hernia on the left side, he has had repair work done twice since the operations; in 1957, x-ray showed minimal arthritic changes of lumbar spine and a diagnosis of arthritis of the spine; in 1958, x-ray revealed minimal arthritic spurs on lower dorsal spine, 90° inaction of left knee, EKG on 7–27–56 revealed possible myocardial infarction, and the doctor in his medical report says "pt. improves from time to time, but has not been able to hold a steady job"; in 1959, a diagnosis of hypertrophic arthritis of lumbar vertebral joints with some pain and ankylosis in sacro-iliac and lumbar vertebral joints, hypertensive cardiovascular disease and generalized arteriosclerosis, and the medical report shows that plaintiff was advised not to work and the doctor says "hypertensive cardiovascular disease. Unable to follow gainful employment". In 1959, a doctor, at Government expense, examined the plaintiff and made the following diagnoses: 1. Hypertensive cardiovascular disease. 2. Arteriosclerotic heart disease. 3. Generalized arteriosclerosis. 4. Possible spondylolisthesis of the 5th lumbar vertebra. In 1960, the following diagnoses were made: 1. Hypertension. 2. Arthritic spur deformaties of dorsal segment of spine. 3. Pylorospasm, prolapse of gastric mucosa into duodenum, and hypermotility of GI tract. In 1960 and 1961, the doctor says in his reports that he does not believe plaintiff can pursue a gainful occupation due to his physical condition.

The four elements of proof to be considered in making a finding of plaintiff's ability or inability to engage in any substantial gainful activity, as laid down in Underwood v. Ribicoff (C.A. 4) 298 F.2d 850, are: (1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by claimant, and corroborated by his wife and his neighbors, (4) claimant's educational background, work history, and present age.

In construing the Act the Court of Appeals of the Fifth Circuit in the case of Butler v. Flemming (C.A. 5) 288 F.2d 591, (1961), (cited as authority in the case of Underwood v. Ribicoff, supra) decided that the test of eligibility for disability freeze under the Social Security Act must include a consideration of claimant's background, experience, training, education, physical and mental capabilities, kinds and types of employment formerly followed and no longer open to him, the absence of any indication of any specific work less exacting within his residual competency and reasonably avail-

able as a prospective source of employment in the general area where he lives.

Test of claimant's disability or inability to engage in any substantial gainful activity is subjective one, and claimant need not establish complete absence of any opportunity for substantial gainful employment but need only establish that he has become disabled from employment in any work in which he could profitably seek employment in light of his physical and mental capacities and his education, training and experience, and he need not be totally helpless or bedridden. Jarvis v. Ribicoff, 6 Cir., 312 F.2d 707.

Capabilities of a claimant for disability insurance benefits to engage in substantial gainful employment must be viewed not only in context with his own physical, educational and vocational background but also with respect to employment opportunities available to a person who can do only what the claimant can do, and mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for that is available. Hodgson v. Celebrezze, 3 Cir., 312 F.2d 260.

No "cut and dried" formula will suffice to give the Act the flexibility its purpose requires. Determination of whether findings of fact of Secretary of Health, Education and Welfare made in a proceeding for disability benefits are supported by substantial evidence is to be made on a case-to-case basis. Though under the Social Security Act, administrative findings of fact, if supported by substantial evidence, are conclusive, on review the Court must examine the record as a whole and must not abdicate the conventional judicial function. Sobel v. Flemming, D.C., 178 F.Supp. 891.

"Substantial evidence" means more than a mere scintilla—it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Haxton v. Flemming, D.C., 183 F.Supp. 2. In order to determine the sufficiency of the evidence, in terms of the Social Security Act, the Court must scrutinize the record as a whole and the Court must assume responsibility for the reasonableness and fairness of the decision. Shields v. Folsom, D.C., 153 F. Supp. 733.

Under the foregoing authorities and the evidence in this case, I must conclude that the findings of the Secretary as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the appeal given by 42 U.S.C.A. § 405(g), the legal conclusion of the Secretary that the plaintiff was not entitled to the period of disability and disability insurance benefits was clearly erroneous, was incorrect, and must, therefore, be reversed.

It is, therefore, ordered, That the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff.