**638**

**Wilfred SANGSTER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare, Defendant.**

**Civ. A. No. 4417.**

United States District Court
W. D. Michigan, S. D.
April 21, 1965.

Wilfred E. Sangster, in pro. per.

Robert G. Quinn, Jr., U. S. Atty., Grand Rapids, Mich., for defendant.

FOX, District Judge.

The matter presently before the court stems from its judgment in this case, reported in 226 F.Supp. 1, to which attention is directed for a complete statement of the case.

Plaintiff Sangster filed an application for disability insurance benefits and later combined a second application to establish a period of disability. The applications were denied at all levels of review, finally by the Appeals Council of the Social Security Administration on September 30, 1960.

At that time plaintiff was informed that he must commence a civil action in the federal district court within 60 days of the date of the letter finally denying his application. On November 21, 1960 he was granted an extension of time within which to commence an action, to January 20, 1961.

Plaintiff did not follow such course, but instead chose to file another application for disability insurance benefits and to establish a period of disability. This application was filed on December 28, 1960, within the time limit extended for commencement of a civil action, and alleged the same causes of disability as the earlier application.

Defendant chose to treat this application de novo, evidently, and again the application was denied, reconsideration requested, the denial was affirmed, a hearing examiner reviewed and affirmed the denial, and on September 7, 1962 the Appeals Council denied a request for review.

Plaintiff filed a timely action in this court, appeared in pro. per. and this court reversed the decision of the hearing examiner and ordered that disability benefits be paid.

Benefits were paid retroactive only to December, 1959, or one year prior to the filing of the second application, which the government asserts to be the only meaningful date, since a judicial review of the first application was not requested within the statutory period. Since the finding of this court in its earlier decision was that the application disclosed that the applicant was entitled to disability benefits, and the facts and circumstances of both applications are the same, the effect was to find that plaintiff had been unjustly denied benefits under the earlier application, and that he was therefore entitled to full benefits. At the time of plaintiff's original application however, the applicable provision of the Social Security Act (42 U.S.C. § 423(a) (1) (B) required that an individual have attained the age of 50 before becoming entitled to benefits. In Mr. Sangster's case this occurred on October 14, 1958.

Since plaintiff appeared in pro. per. this court requested the United States Attorney to prepare a brief which would fairly examine the question presented here. This was promptly and diligently done, and the court expresses its gratitude for this service.

It appears that the facts of this case present a somewhat unique situation. The Government urges that "relitigation of the same issue covering the same period of time which was the subject of an earlier application which culminated in a final decision of the Secretary cannot be had by an individual by simply filing a second application." To support this position, the court is cited to Phillip v. Ribicoff, D.C., 211 F.Supp. 510, aff'd, 3 Cir., 319 F.2d 530; Hobby v. Hodges, 10 Cir., 215 F.2d 754; Norkey v. Celebrezze, D.C., 225 F.Supp. 754; Eplin v. Celebrezze, D.C., 214 F.Supp. 836; Salyers v. Celebrezze, D.C., 214 F.Supp. 834; Tiller v. Celebrezze, D.C., 211 F.Supp. 792; Kindig v. Ribicoff, D.C., 202 F.Supp. 198; and Hatter v. Ribicoff, D.C., 199 F.Supp. 654. ·

However, this is a case in which the Social Security Administration itself chose to relitigate the claim, for within the period during which plaintiff should first have commenced a civil action to contest the adverse decision of the Social Security Administration, he instead filed another application, alleging the same facts, circumstances and period of disability. The Administration chose to handle this application as an original, carrying it through the same procedural course as the earlier application.

The distinctive feature of this case is that the court found, after reviewing the facts, that the second application (and therefore the first, also) did show a right to benefits, unlike the cases cited above. In Salyers, Norkey and Kindig, supra, the second applications were not the same as the first. In Hatter, Hobby and Phillip, supra, the action of the Secretary of Health, Education and Welfare on the second application was found not to be a final, judicially reviewable decision.

Two cases treated in some detail by the Government, Cole v. Railroad Retirement Board, CCH, Railroad Retirement Reports, para. 4324 (1961) and Brodsky v. Ribicoff, CCH, VIR, Vol. 1, Fed. para. 9134 (N.D.Ill.1961) are likewise inapplicable because of factual differences. In Cole, which dealt with Railroad Retirement benefits, a widow, aged 57, received a lump sum payment for her husband's death and was told her rights to monthly benefits at age 65 would not be affected. An amendment to the Railroad Retirement Act made such benefits available at age 60, but the widow did not apply for them until age 63, and benefits were paid retroactively for a year from the date of application. Clearly, although entitled to the benefits, the widow did not apply for them as early as she was able to, whereas plaintiff in this case did apply in a timely manner, but was denied because of a finding not supportable by the facts.

In Brodsky, the facts alleged in the two applications differed in significant and relevant respects, unlike the situation in the present case.

Finally, the decision of the Secretary to process plaintiff Sangster's second ap-

plication, filed within the statutory period for request of judicial review of the denial of his first application, may well have constituted a waiver of the 60 day limitation period. The Secretary chose to review the entire matter once again rather than refuse to consider the second application because of its similarity to the initial application, when he could easily have so refused and left plaintiff to file a civil action seeking judicial review.

However, on the facts of this case it is unnecessary to rely on a waiver doctrine. Implicit in this court's earlier decision was a finding that plaintiff's initial application disclosed a disability within the meaning of the act and that he was therefore entitled to full benefits.

It is therefore ordered that the award sought by plaintiff be granted, and that he be paid the disability benefits due him for the period from October 14, 1958, when he became eligible for said benefits, to December, 1959, when the back payments were commenced by the Secretary following this court's earlier decision.