**L. A. MOORE**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, & Welfare.**

**Civ. A. No. 38000.**

United States District Court
E. D. Pennsylvania.

March 29, 1966.

Sol R. Gitman, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

DAVIS, Judge.

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Secretary of Health, Education, and Welfare denying his application for Social Security disability insurance benefits and for a period of disability.

The plaintiff, a carpenter by trade, incurred certain back injuries on the job on January 26, 1954. On April 25, 1956, he filed his first application for a period of disability. His claim was initially denied, but he was subsequently granted a hearing before a Social Security Hearing Examiner. The Examiner handed down a decision against the claimant on August 29, 1958. The claimant then appealed to the Appeals Council which denied review of his case on November 14, 1958. Although he was

advised by letter that he could institute a civil action in the Federal District Court within 60 days, he did not seek judicial review.

The plaintiff took no further action until March 5, 1964 when he filed his second application for benefits with the Social Security Administration. Included with the application was a signed statement which read as follows:

"Nothing substantially has changed since my last application. I have done absolutely no work since 1/26/54, I still allege I became disabled on 1/26/54 and it is still 'back trouble caused by the accident on 1/26/54' which makes me feel that I am totally disabled."

This claim was denied on July 22, 1964, and he then requested a hearing before a Hearing Examiner. The Examiner decided adversely to the claimant on January 18, 1965, and the Appeals Council upheld the Examiner on April 5, 1965. The plaintiff then brought suit in this court within the 60 days required by 42 U.S.C. § 405(g).

The crucial question facing this court is whether the decision on the first application filed in 1956 is res judicata, barring any recovery under the second application submitted in 1964.

20 C.F.R. § 404.937 provides that the hearing Examiner may dismiss a hearing request under the following circumstance: [1]

"(a) *Res Judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review,

or to commence a civil action with respect to such determination or decision."

20 C.F.R. § 404.940 reads:

"The hearing examiner's decision * * * shall be final and binding upon all parties to the hearing unless it is reviewed by the Appeals Council * * *. If a party's request for review of the hearing examiner's decision is denied or is dismissed, such decision shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States, as is provided in section 205(g) of the act, or unless the decision is revised * * *."

 It is clear that a claimant may not institute a civil action if he has not exhausted his administrative remedies and that any administrative decision on the first application from which there is no timely appeal stands as res judicata as to all subsequent applications involving the same issues. Hobby v. Hodges, 215 F.2d 754 (10 Cir. 1954); Saxon v. Celebrezze, 241 F.Supp. 152 (W.D.S.C.1965); Norkey v. Celebrezze, 225 F.Supp. 754 (E.D.Pa.1963); Lovingood v. Celebrezze, 218 F.Supp. 834 (S. D.S.C.1963); Rivers v. Celebrezze, 217 F.Supp. 141 (W.D.Va.1963); Salyers v. Celebrezze, 214 F.Supp. 834 (W.D.Va. 1962); Eplin v. Celebrezze, 214 F.Supp. 836 (S.D.W.Va.1963); Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962), aff'd per curiam, 319 F.2d 530 (3d Cir. 1963); Tiller v. Celebrezze, 211 F.Supp. 792 (S.D.W.Va.1962); Boles v. Celebrezze, 210 F.Supp. 856 (W.D.Va.1962); Hatter v. Ribicoff, 199 F.Supp. 654 (E. D.Okl.1961).

 The first application was filed on April 26, 1956. Since the plaintiff did not seek judicial review, the decision of the hearing examiner is conclusive on

[1]. 42 U.S.C. § 405(a) provides: "The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt

reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

the issue of his disability between January 26, 1954 and April 25, 1956. However, the claimant met the special earning requirements of the Social Security Act until September 30, 1957 so that if he qualified under the disability provisions of the statute between April 25, 1956 and September 30, 1957, the problem of res judicata may be avoided.

Nevertheless, the plaintiff may not simply relitigate the same issues that were presented on the first application or else there would be no end to litigation before the administrative boards and the courts. To allow a claimant to file repeated applications based on the same accident but only for different time periods without any material medical change during those periods is certainly violating all principles of finality as set forth in the Social Security Act and accompanying regulations.

The claimant concedes that he is basing his present disability claim on his accident of January 24, 1954 and that nothing has changed since that time. None of the recent medical evidence presented at the second hearing indicates any change in his condition during the critical period from April 25, 1956 to September 30, 1957. While several of the recent medical reports conclude that his impairments are such that he is unable to work, they either relate them back to the period prior to April 26, 1956 or else do not relate them to any occurrence, deterioration, or change during the insured period from April 1956 to September 1957. These reports are for the most part merely cumulative of those submitted at the hearing on the first application. See, Eplin v. Celebrezze, 214 F.Supp. 836, 838 (S.D.W.Va.1963).

The disability claim presented to this court is essentially the same as that presented to the Social Security Administration in 1956. The claimant has no new facts and has not demonstrated that the issues presented here are different in any significant way from the ones initially adjudicated. As stated in Phillip v. Ribicoff, 211 F.Supp. 510, 513 (E.D.Pa.1962), aff'd per curiam, 319 F.

2d 530 (3d Cir. 1963), the res judicata effect given to an administrative decision from which a timely appeal is not taken:

> "could not be thwarted by a later application unless the second application was based on facts dissimilar from those contained in the original application or which might conceivably consist of a different work period having evolved since the original application."

The facts in the second application are not dissimilar to those in the first and have not elvolved subsequent to April 25, 1956. The only difference in the second application is the time period relied upon and some further medical testimony, which does not indicate any change in the claimant's condition during this new disability period.

The adverse decision on the claimant's first application is res judicata as to his second application now here for judicial review.

### ORDER

And now, this 29th day of March 1966, it is hereby Ordered that the plaintiff's motion for summary judgment be denied and the defendant's motion for summary judgment be granted.