Wilfred **SANGSTER**, Plaintiff-Appellee,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 16718.

United States Court of Appeals
Sixth Circuit.

Decided March 22, 1967.

Frederick B. Abramson, Atty., Dept. of Justice, Washington, D. C., for appellant, John W. Douglas, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., on brief.

Wilfred E. Sangster, Muskegon Heights, Mich., for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and TAYLOR, District Judge.

### PER CURIAM.

Appellee, Wilfred Sangster, first applied for Social Security benefits on May 20, 1957. His application was processed through the required administrative steps and was denied on September 20, 1960, by the Secretary's affirmance of a hearing examiner's report. The right to review such final order by suit in the United States District Court, 42 U.S.C. § 405(g), was not exercised by Sangster and the Secretary's decision became the final disposition of the matter.

On December 28, 1960, appellee Sangster made a second application for benefits. Because Sangster might have been able to show disability arising subsequent to the period under consideration in the first proceeding, the Secretary's staff entertained and processed the second application which was denied on September 7, 1962, when a hearing examiner's report denying benefits became the Secretary's decision. This time Sangster sought review of the Secretary's decision by suit in the United States District Court under Section 405 (g). The District Court reversed the Secretary by granting summary judgment to plaintiff Sangster, directing the Secretary to pay benefits to him. Sangster v. Celebrezze, 226 F.Supp. 1 (W.D. Mich.1964). By virtue of Section 223(b) of the Social Security Act, 42 U.S.C. § 423(b),[1] benefits awarded under Sangster's second application on December 28, 1960, could not commence earlier than twelve months prior to the date of application. Thus December, 1959, would be the starting date of such benefits. The Secretary did not appeal from the District Court judgment and began paying benefits, accruing them from December, 1959.

Dissatisfied with the beginning date of his payments, Sangster addressed the District Judge, who after correspondence with the Secretary entered a supplemental order requiring that payments should start on the date they would have started had Sangster's first application been granted, namely, October 14, 1958, the date of Sangster's 50th birthday.[2] Thus, the District Judge reversed not only the Secretary's decision which was before him on review but in effect reversed the Secretary's earlier decision which had

---

1. " * * * An individual who would have been entitled to a disability insurance benefit for any month after June 1957 had he filed application therefor prior to the end of such month shall be entitled to such benefit for such month if he is continuously under a disability after such month and until he files application therefor, *and he files such application prior to the end of the twelfth month* *immediately succeeding such month.*" 42 U.S.C. § 423(b). (Emphasis supplied.)

2. A former provision of the Social Security Act, effective at time of first application, required attainment of age 50 in order for a claimant to be eligible for benefits. See 42 U.S.C. (1958 Ed.) § 423(a) (1) (B).

become final because Sangster failed to seek District Court review of it. The District Judge said:

"Since the finding of this court in its earlier decision [226 F.Supp. 1] was that the application disclosed that the applicant was entitled to disability benefits, and the facts and circumstances of both applications are the same, the effect was to find that plaintiff had been unjustly denied benefits under the earlier application, and that he was therefore entitled to full benefits."

We do not consider that the District Judge was at liberty to enter such order. The denial of the first application was no longer subject to review, and under the second application benefits could not start earlier than December 1959. The District Judge's power was exhausted when he ordered done that which could have, and which he found should have, been done under the December 1960 application.

■■ Decisions of the Secretary not reviewed as permitted by the statute, 42 U.S.C. § 405(g), are final. See Hobby v. Hodges, 215 F.2d 754 (CA 10, 1954); Jamieson v. Folsom, 311 F.2d 506, 507, 508 (CA 7, 1963), cert. den. 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043; Bomer v. Ribicoff, 304 F.2d 427, 429 (CA 6, 1962); Phillip v. Ribicoff, 211 F.Supp. 510, 513 (E.D.Pa.1962), aff'd 319 F.2d 530 (CA 3, 1963); Hatter v. Ribicoff, 199 F.Supp. 654, 655 (E.D.Oklahoma 1961); Kindig v. Ribicoff, 202 F.Supp. 198, 199 (E.D. Virginia 1962); Salyers v. Celebrezze, 214 F.Supp. 834, 835 (W.D.Virginia 1962). None of the foregoing dealt with the unique question presented by the facts here, but they do support our view that the limitations on the period of benefits in the case before the District Judge —12 months prior to the filing of the second application—could not be extended by determining that an earlier and unreviewed decision had been wrongly decided. Most closely in point here is the case of Myers v. Gardner, 361 F.2d 343, 345 (CA 9, 1966), in which the Ninth Circuit held that where an earlier and final

Secretary's decision fixed the beginning date of an applicant's disability, the time of commencement of disability could not be relitigated by a later application.

The supplemental order of the District Court entered April 21, 1965, is vacated.