**William J. WEATHERRED, Plaintiff,**

**v.**

**The SECRETARY OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES, Defendant.**

**Civ. No. 6208.**

United States District Court
E. D. Oklahoma.

Nov. 1, 1967.

70

William D. Huser, Tulsa, Okl., for plaintiff.

Bruce Green, U. S. Atty., Muskogee, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The Plaintiff by his Complaint seeks a review of the Decision of the Defendant denying the Plaintiff's Application for old-age insurance benefits under Title 42 U.S.C. Sections 402(a), 411(a), 413(a), and 414. The jurisdiction of the Court is based on Title 42 U.S.C. Section 405(g) which provides that the Court has the power to affirm, modify, or reverse the decision of the Secretary, with or without remanding the cause for hearing, and that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

 The action was filed after the Appeals Council of the Bureau of Hearings and Appeals denied the Plaintiff's request for a review of the Hearing Examiner's decision, which, therefore, became the final decision of the Defendant. The Plaintiff prays that the decision of the Hearing Examiner be reviewed, reversed and set aside and the Secretary be ordered to make payment of the claims of Plaintiff.

The Hearing Examiner determined that Plaintiff was not fully insured for old-age insurance benefits and made the following findings:

1. "The claimant has filed multiple applications for old-age insurance benefits. He was born on October 19, 1897, and requires eleven quarters of coverage, to be fully insured and thus entitled.

2. "The claimant has been determined to have five quarters of coverage and has opportunely alleged further coverage by virtue of self-employment income of at least $400 per year for the years 1961, 1962, 1963, and 1964.

3. "That while the claimant has since 1962, possibly 1963, engaged chiefly in selling ballpoint pens to individuals, firms and institutions from town to town as well as other small items such as lingerie, razor blades, needles, pins, and such items. The greater weight of the evidence does not establish that he has had in either 1961, 1962, 1963 or 1964 net earnings of at least $400 per annum from such efforts. He has thus acquired no further quarters of coverage and has only five of the necessary eleven quarters of coverage to be fully insured and is not entitled to old-age insurance benefits.

4. "It is further found that there is no new and material evidence of record sufficient to reopen and revise any earlier determination or decision."

## PRELIMINARY STATEMENT

The claimant's current application for old-age insurance benefits reveals he was born October 19, 1897 and that he is a divorcee. He has been receiving $109.00 per month from the Oklahoma Department of Public Welfare as aid to the blind since 1938. The Department of Public Welfare permits him to earn $85.00 per month without diminution of this assistance.

 It is undisputed herein that Plaintiff has 5 quarters of wage coverage, and that he needs a total of 11 quarters to be fully insured to receive old-age benefits. Under 42 U.S.C., 411(a), an individual's net earnings from self-employment must be at least $400 in a taxable year to constitute credible self-employment income for insured status purposes. The Plaintiff filed prior Applications for old-age insurance benefits on January 11, 1962 and February 8, 1963. The current Application was filed October 16, 1964. Before the Court can consider and determine the merits of this review, however, it is first necessary to analyze the ambit of the doctrine of res judicata and its applicability to the prior and current Applications for old-age insurance benefits.

## RES JUDICATA

The 1962 Application was denied on initial determination and no further administrative review was requested. There is no evidence in the record pertaining to this Application other than the Application itself and the ensuing initial denial of benefits.

The 1963 Application was denied initially, on reconsideration, by a Hearing Examiner's Decision, and upon Appeal's Council review. The record reveals the Plaintiff was advised of his right to commence a civil action for judicial review. However, the proceedings on the 1963 Application were terminated within administrative channels without a civil action being commenced in Federal District Court.

The evidence to support the 1963 Application included income tax returns filed in February, 1963. These returns revealed self-employment income of $404.00 net earnings in 1961 and $431.00 net earnings in 1962. These income tax returns were prepared by an accountant from a single sheet of paper listing income and expenses as furnished by claimant and no record book or other documentary supporting records were made available. The claimant reported that records of sales prior to 1963 were in an old suitcase which was sold to an unknown person and, therefore, the necessary foundation records were unavailable for review. The claimant testified his self-employment income was derived from sales of specialties such as ballpoint pens, razor blades, needles, etc. to various individuals and businesses with his primary sales effort being made within the States of Oklahoma and Texas. The 1963 Application was denied for lack of authenticated self-employment income necessary to prove the additional six quarters of coverage for fully insured status. The findings of the Hearing Examiner regarding the 1963 Application covered the years 1961 and 1962.

In briefing the res judicata question the Plaintiff emphasizes language of the Hearing Examiner (Tr. 9) in his Decision of June 29, 1966, which indicates the years 1961 and 1962 were considered as well as 1963 and 1964. The Plaintiff then suggests that the cited language is ample indicia of a waiver of the doctrine of res judicata by Defendant under the authority of Sangster v. Celebrezze, 240 F.Supp. 638 (W.D.Mich.S.D.1965). The Defendant, on the other hand, singles out other wording of the Examiner in his findings (Tr. 9), in the statement of the issue on reconsideration (Tr. 147) and in the notice of hearing (Tr. 12) as supportive of the position of non-waiver of the doctrine of res judicata.

Many cases could be cited for the general proposition that an administrative decision on a prior application for benefits is res judicata to all subsequent applications involving the same issues, in the absence of a timely appeal. e. g. Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), affirmed per curiam 376 F.2d 850 (Third Cir.1967); Saxon v. Celebrezze, 241 F.Supp. 152 (W.D.S.Carolina 1965); Eplin v. Celebrezze, 214 F.Supp. 836 (S.D.W.Va.1963). As to waiver of the doctrine of res judicata, our Court of Appeals has expressed the view that the doctrine generally extends only to facts and conditions as they existed at the time the judgment was rendered and does not apply where there are new facts which did not exist at the time of the prior judgment. Johnson v. Fleming, 264 F.2d 322 (Tenth Cir. 1959). In stating that "there is no new and material evidence of record sufficient to reopen and revise any earlier determination or decision.", the Examiner was following the caveat of Johnson v. Fleming, supra, and simultaneously fulfilling his administrative function of determining if any new facts existed sufficient to reopen the prior Decision on the years 1961 and 1962. There were none. Therefore, the Defendant properly refused to reopen the Decision on the years 1961 and 1962 without waiving the finality of that Decision and the Court finds it is res judicata herein and the Decision refusing to reopen is not reviewable. Filice v. Celebrezze, 319 F.2d 443 (Ninth Cir. 1963); Hobby v. Hodges, 215 F.2d 754 (Tenth Cir. 1954).

### 1964 Application

In support of the 1964 Application, an income tax return for 1963 was offered showing net earnings of $495.00 as well

as a 1964 return showing net earnings of $504.00. The records to support these returns were substantially similar in form and quality to those offered in support of the 1963 Application. The Plaintiff stated the 1963 records were destroyed by fire (Tr. 171). This record is replete with letters prepared and addressed by Defendant to a total of 74 individuals and organizations alleged to be customers of the Plaintiff. Sixteen of the letters could not be delivered to the designated addressees and the 58 that were returned do not reflect net earnings of $400.00 for 1963 or 1964. Inquiries directed to wholesalers of specialty items revealed purchases by Plaintiff although the total purchases fell short of $400.00 per year.

The Court finds that the Defendant's determination that claimant does not have $400.00 self-employment income for either of the years 1963 or 1964 is supported by substantial evidence. The Court must give appropriate weight to the findings of the Defendant if supported by substantial evidence. Celebrezze v. Warren, 339 F.2d 833 (Tenth Cir. 1964); Gainey v. Flemming, 279 F.2d 56 (Tenth Cir. 1960). Plaintiff's claimed income on tax returns and expenses attributable to the business are also factual considerations to be considered and weighed by the Defendant in light of pertinent facts and circumstances extant in the case. Rasmussen v. Gardner, 374 F.2d 589 (Tenth Cir. 1967). Although the Plaintiff may be a needy person, the Court cannot order benefits awarded where the Plaintiff is not fully insured to receive old-age benefits and the Defendant's determination in this regard as evidenced by the record, contains no reversible error. Therefore, the Court must enter its finding and conclusion affirming the decision of the Defendant and dismissing the cause of action herein. The Defendant will forthwith prepare judgment in accordance with this Opinion and submit the same to the Court for entry and filing herein.