**Frank FARLEY, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1029.**

United States District Court
S. D. West Virginia,
Bluefield Division.

Dec. 4, 1967.

David T. Kennedy, Thornhill & Kennedy, Beckley, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. A decision by a hearing examiner on February 24, 1967, became the final decision of the Secretary on July 25, 1967, when the Appeals Council denied plaintiff's request for review. The final decision holds that plaintiff is not entitled to the establishment of a period of disability or disability insurance benefits under the provisions of the Act prior or subsequent to the 1965 Amendments.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The present appeal from the adverse decision of the Secretary is based on a denial of the fourth application submitted by the plaintiff in his attempt to establish his right to a period of disability and disability insurance benefits under the Social Security Act. Plaintiff first filed an application to establish a period of disability and for disability insurance benefits on January 5, 1961, alleging that he became unable to work on June 30, 1960, as a result of pain "around the heart" and right leg and high blood pressure. On June 9, 1961, the Division of Disability Operations informed him that his impairments had not been found to be disabling within the meaning of the Act and that his application had, therefore, been denied. Plaintiff took no further action with respect to this application.

The plaintiff filed his second application on April 19, 1962, alleging that he became unable to work on June 30, 1960, as a result of "pain around heart, head" and a weakness in his legs. This application was denied initially and upon reconsideration. Plaintiff, being dissatisfied with this determination, requested a hearing before a hearing examiner of the Social Security Administration, and a hearing was held on June 10, 1963, at Welch, West Virginia. On the basis of testimony by the plaintiff concerning his subjective complaints, educational background, and work history, and a number of medical reports submitted by various examining physicians, the hearing examiner, on August 19, 1963, found that he had not established

that he had impairments, either singularly or in combination, "of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application * * * was effective." Plaintiff requested the Appeals Council to review this decision, however, the request was denied. No further action was taken with respect to this application.

The plaintiff filed his third application on January 2, 1964, alleging that he became disabled in 1961, as the result of "pain around heart, right leg, face, left leg." and high blood pressure. This application was denied initially and upon reconsideration. He then requested a hearing before a hearing examiner, and on October 13, 1964, a hearing was conducted at Welch, West Virginia. On this occasion testimony by the plaintiff as well as medical reports submitted subsequent to the 1963 hearing, in the opinion of the hearing examiner, failed to establish "that during the effective period of the current application claimant was under a 'disability' under the Act." The hearing examiner concluded that the evidence failed to show that plaintiff was "precluded from engaging in substantial gainful activity at some of his previous job classifications." In response to a request for review by the plaintiff, the Appeals Council, on April 15, 1965, affirmed the decision. Included in the decision was the following statement with respect to plaintiff's condition:

> "The claimant's impairments were not shown to be of such severity as to prevent him from returning to his usual occupation as a coal miner."

## II. ADMINISTRATIVE RES JUDICATA

Normally, in Social Security litigation such as the present case, the Court directs its attention to the question of whether or not the decision of the Secretary with respect to plaintiff's ability or inability to engage in substantial gainful activity is supported by substantial evidence; however, the several decisions rendered by administrative personnel in response to plaintiff's earlier applications raise serious questions concerning their effect, if any, on the right of plaintiff to a judgment based upon his current application and the record as presently constituted. Thus, on this review, this Court must first decide whether or not the doctrine of *res judicata,* as applied to the facts and circumstances of the present case, preclude plaintiff from obtaining the relief he now seeks. Any resolution of this question must take cognizance of the fact that the conditions necessary to establish a statutory "disability" under the Act were liberalized by the 1965 Social Security Amendments, thus changing the applicable law subsequent to the final adverse decision of the Appeals Council on April 15, 1965.

■ (A) *Res Judicata Under the Pre-1965 Definition of "Disability":* The general rule of *res judicata* as developed by the courts provides that a final judgment on the merits of a claim or cause of action entered by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties to the suit and their privies. "The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

■ While some of the earlier cases expressed the opinion that the doctrine of *res judicata* had no application to administrative decisions, later decisions have taken a more pragmatic view of the problem, applying the traditional doctrine in some circumstances, modifying it in others, and refusing to apply it in still other cases. 2 Davis, Administrative Law, Section 18.02 (1958). The concept of *res judicata* as applied to Social Security litigation has taken the form of a regulation which provides as follows:

> "The hearing examiner may, on his own motion dismiss a hearing request, either entirely or as to any stated issue,

under any of the following circumstances:

"(a) *Res Judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision." 20 C.F.R. § 404.937.

The decisions upholding and applying this provision in the regulations are legion. See Eplin v. Celebrezze, 214 F. Supp. 836, 837 (S.D.W.Va.1963); Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). However, in recognizing the remedial nature of the Social Security Act and attempting to give it a broad and liberal application, the courts tend to strictly construe any rule (including 20 C.F.R. § 404.937) which would limit the coverage of the Act. Thus, the doctrine of *res judicata* "is limited to facts and conditions as they existed at the time of the first decision, and does not apply when new facts have developed or come to light since the original decision." Pearson v. Gardner, 267 F.Supp. 498, 499, 503 (W.D.Arkansas 1967); Johnson v. Flemming, 264 F.2d 322, 323 (10th Cir. 1959). This strict construction of the application of the doctrine of *res judicata* is of limited utility for the purposes of the present case. Under the provisions of the Act, a person is not entitled to disability benefits or to the establishment of a period of disability unless he has become disabled at a time when he met the "coverage" requirements of the Act. It is conceded that plaintiff last met this requirement on December 31, 1962, so that to be entitled to the benefits claimed he must have become disabled on or before that date. A change in condition or the development of new facts which relate to a period subsequent to December 31, 1962 would have little, if any, relevancy for the purpose of reaching a decision in the present case.

■ It is in the light of the above-mentioned principles that we must now resolve the issue with respect to the application of the doctrine of *res judicata* to plaintiff's present application. Conspicuously absent from the record, as compiled during the administrative processing of plaintiff's present claim, are medical reports which disclose facts not brought out in the earlier decisions. Indeed, plaintiff has failed to submit any new medical reports, a circumstance indicating that he intends to rely wholly on the medical reports submitted in connection with the previous applications. A careful reading of the transcript of the testimony taken at the January 6, 1967 hearing, when compared to the records compiled during the processing of his previous applications, also fails to reveal any new development in the factual situation with regard to plaintiff's subjective complaints, occupational history, or educational background. Thus, at least with respect to the pre-1965 definition of "disability," there has been a previous determination by the Secretary as to the rights of the *same party* on the *same issue or issues.* Plaintiff's application, therefore, falls squarely within the *res judicata* provisions of the Social Security Regulations and it follows that his current application—at least with respect to the pre-1965 definition of "disability" —must be denied on that basis.

■ (B) *Res Judicata Under the Post-1965 Definition of "Disability":* Section 303(a) of Public Law 89–97, 79 Stat. 286 (the 1965 Social Security Act Amendments) amends the meaning of the term "disability" as found in 42 U.S. C.A. § 423 as follows:

"(I)nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

"Disability" has previously been defined as,

"(I)nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Unquestionably, this amendment liberalizes the provisions of the Social Security Act and contemplates that some applicants ineligible under the old definition of disability will now become eligible for benefits by force of the new definition. The issues to be resolved with regard to plaintiff's current application depend upon (1) whether or not the facts and circumstances of the present case bring him within the intendment of the more liberal provisions, and (2) the effect of the previous denials on his right to assert the present claim. The effect of the previous denials is more easily determined and will be considered first. On previous occasions this Court, recognizing that part of the purpose of the amendments was to relieve the stringency of the old test, has given retroactive effect to the amendment of the statutory definition of "disability." See Sowards v. Gardner, 264 F.Supp. 709 (S.D.W.Va. 1967). Thus, although it may have been previously determined on a prior application that the proof failed to meet the requirements of the pre-1965 definition of "disability," with respect to its probable duration and consequences, this fact does not preclude a consideration of essentially the same proof and applying it to a subsequent application by the same individual, within the context of the more liberal requirements of the 1965 definition of "disability," to see if it is sufficient to support the claim under the latter. But both definitions require a finding of a disability precluding engagement in substantial gainful activity as a prerequisite to entitlement to benefits, they differ only as to its duration and ultimate consequences.

■ A recent decision of the Fourth Circuit Court of Appeals, James v. Gardner, 384 F.2d 784 (4th Cir. 1967), explains the effect of the 1965 amendments to the Social Security Act in the following manner:

"In Carter v. Celebrezze, 367 F.2d 382 (4 Cir. 1966), we had occasion to point out ' * * * that the 1965 amendments have not altered the requirement that a claimant must establish that he has become "disabled" *prior to the expiration of his insured status.*' Id., p. 384. Implicit in that decision, and in Brown v. Celebrezze, 367 F.2d 455 (4 Cir. 1966), is the holding that the 1965 amendments only altered the period of time that a disability, if established, must be likely to endure before the plaintiff was entitled to benefits; but that they did not change the required severity of the physical or mental impairments constituting 'disability,' as distinguished from their duration."

Implicit in this opinion from the Fourth Circuit Court is the holding that where it has been decided by previous adjudication that an applicant's impairments are not such as to preclude him from engaging in substantial gainful activity, the issue with regard to the liberalizing effect of the 1965 Amendments is irrelevant, since a disabling condition to which the "continuous period of not less than 12 months" requirement would relate has not been established.

■ In the instant case, the Secretary has decided on three previous occasions that plaintiff's impairments were not of such severity as to preclude him from engaging in any substantial gainful activity. The third decision came after the expiration of plaintiff's insured status and was based on the same facts which plaintiff now asserts in his present application. The question of "duration" was not of significance in any of the previous denials since plaintiff failed to establish the existence of a disabling condition. It is clear that under these circumstances plaintiff has failed to bring his claim within the more liberal provisions of the 1965 Amendments and

that he is now barred by the doctrine of *res judicata* from reasserting a claim which has on three previous occasions been denied. Accordingly, defendant's motion for summary judgment must be granted.