The judgment of the district court will be affirmed.

**Leo J. DOMOZIK, Appellant,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, United States of America.**

**No. 17534.**

United States Court of Appeals Third Circuit.

Argued March 27, 1969.

Decided June 30, 1969.

W. J. Krencewicz, Shenandoah, Pa., for appellant.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellee.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from a grant of summary judgment by the district court, Appellant's Appendix 1(a), in favor of the Secretary of Health, Education and Welfare, appellee, which had the effect of upholding the denial of appellant's claim for disability benefits.

Appellant's application for establishing a period of disability and for disabil-

8. Baltimore Gas & Electric Company v. Bowers, 1960, 221 Md. 337, 157 A. 610, 615, 77 A.L. R.2d 1366, 1374.

ity insurance benefits under the Social Security Act was filed on January 4, 1964, claiming June 10, 1961, as the date of onset of disability. After the Social Security Administration of the Department of Health, Education and Welfare rejected the application in 1966, a hearing was held before a Hearing Examiner who disallowed the claim on April 14, 1967 (TR. 4–10).[1] The Appeals Council declined review of the Examiner's decision in September 1967 (TR. 1), and appellant then filed this suit in the court below in accordance with § 205(g) of the Social Security Act, 42 U.S.C. § 405 (g).

In order to be eligible for disability benefits, a claimant must meet the twin requirements of

(1) disability within the meaning of the Act, and

(2) the requisite coverage preceding the onset of disability. §§ 216 (i), 223, 42 U.S.C. §§ 416(i), 423.[2]

The latter requirement is twenty calendar quarters of coverage, i. e., five years, during the ten-year period ending with the quarter in which the claimant becomes disabled.

Appellant did not have the required period of coverage with respect to the claimed June 10, 1961, date of onset of disability. According to appellee the last time appellant met the coverage requirement was December 31, 1959. (TR. 5, 66.)[3]

Of prime significance to the decision in this case is the fact that in two prior applications appellant had made for disability benefits,[4] in which he had claimed 1958 and 1955 dates of disability, it had been determined that his condition was not disabling at any time from 1955 to December 31, 1959. (TR. 66.) These prior applications were rejected by the Chief of the Evaluation and Authorization Branch of the Social Security Administration in a letter dated November 23, 1964, which stated, in pertinent part:

> After studying all the facts in your case and the medical evidence, and considering your statements, age, education, and experience, we find that your condition was not disabling within the meaning of the law on December 9, 1955, (the date you state you became unable to work), or on any later date through December 31, 1959. This is the last day on which you still met the earnings requirement.
>
> \* \* \* \* \* \*
>
> If you believe that this determination is not correct, you may request that your case be reexamined. If you want this reconsideration you must request it not later than 6 months from the date of this notice. You may make any such request through your local social security district office. If additional evidence is available you should submit it with your request. Please read the enclosed pamphlet for more information about your right to question the decision made on your claim. (TR. 66.)

Appellant did not seek any administrative reconsideration of the 1964 denial of his application, either with respect to the absence of disability or the terminal date of his period of coverage,[5] with-

---

1. "TR" refers to the certified copy of the Administrative Record filed with this court.

2. As stated by the district court, there "is a well-established line of case law reciting the absolute necessity of the coincidence of both of the above elements \* \* \*." Appellant's Appendix 2(a). Casey v. Cohen, 295 F.Supp. 561, 562 (W.D.Va. 1968).

3. While appellant's record showed that he earned some additional social security credits after December 31, 1959, these

were insufficient to extend the date on which he last fully met the earnings requirement. (TR. 69.) Any disability commencing after the coverage period, i. e., after the date on which an applicant last met the earnings requirement, does not entitle him to disability benefits. Cline v. Cohen, 295 F.Supp. 797, 802 (S.D. W.Va. 1969).

4. Filed in 1963 and 1964.

5. Appellant now challenges both parts of the 1964 determination.

in the six-month period. Nor has appellant ever sought to reopen the 1963 and 1964 applications within the four-year period allowed by the Secretary's regulations, 20 C.F.R. §§ 404.956–404.958, where error or other good cause is shown.

In view of appellant's failure to pursue his administrative remedies following the denial of the earlier applications, the Government contends he may not now relitigate the prior findings, relying on 20 C.F.R. §§ 404.908 and 404.937.

The first regulation provides that the "initial determination [of the Social Security Administration] shall be final and binding upon the party or parties to such determination unless it is reconsidered in accordance with §§ 404.910–404.916, or it is revised in accordance with § 404.956." [6]

20 C.F.R. § 404.937 states as follows:

§ 404.937 Dismissal for cause.

The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance *or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing or review,* or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946 and 404.951). (Emphasis added.)

　*　　*　　*　　*　　*　　*

We agree with the court below that the foregoing regulations are dispositive of appellant's present application. The administrative "res judicata" regulation was followed in Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), aff'd per curiam, 376 F.2d 850 (3d Cir. 1967), and Phillip v. Ribicoff, 211 F. Supp. 510 (E.D.Pa.1962), aff'd per curiam, 319 F.2d 530 (3d Cir. 1963).[7]

Appellant asks us to disregard the "res judicata" regulation, and to distinguish *Moore,* on the grounds

(1) that only the Hearing Examiner may dismiss a claim on the basis of the "res judicata" regulation, which evidently was not the case here, and

(2) that, in any event, the regulation should be applied only where a claimant fails to seek review following the holding of a hearing and not where an application is rejected in an "ex parte" determination by the Social Security Administration.

While it is true that the Hearing Examiner in the instant proceeding did not expressly rely on the "res judicata" regulation, this regulation has been applied by the courts, in conjunction with 20 C. F.R. § 404.908 cited above, to bar relitigation of issues previously resolved by administrative decision. Sangster v. Gardner, 374 F.2d 498 (6th Cir. 1967); Lyall v. Cohen, 297 F.Supp. 606 (W.D. Va.1969); Farley v. Gardner, 276 F. Supp. 270 (S.D.W.Va.1967); Norkey v. Celebrezze, 225 F.Supp. 754 (E.D.Pa. 1963).[8]

---

6. 20 C.F.R. §§ 404.910–404.916 establish a procedure for reconsideration of the initial determination of the Social Security Administration.

7. As Judge Fullam pointed out below, in *Moore* the Secretary's "administrative decision was held to bar not only any subsequent claims for the same period, but also, by way of collateral estoppel, all claims for other periods of disability arising out

of the same facts." Appellant's Appendix 5(a).

8. The rationale is well-stated by Judge Davis in Moore v. Celebrezze, 252 F.Supp. 593, 595 (E.D.Pa.1966), aff'd per curiam, 376 F.2d 850 (3d Cir. 1967):

[T]he plaintiff may not simply relitigate the same issues that were presented on the first application or else there would be no end to litigation before the ad-

Furthermore, as noted in appellee's brief, the "res judicata" principle has been applied even where no hearing had been held on the prior claim: Norkey v. Celebrezze, *supra*; Rivers v. Celebrezze, 217 F.Supp. 141 (W.D.Va.1963); Salyers v. Celebrezze, 214 F.Supp. 834 (W.D.Va.1962).[9]

Appellant also seeks reversal of the Secretary's ruling on the basis of the new definition of "disability" under 1965 amendments to the Social Security Act. Prior to 1965, a claimant was entitled to disability benefits if he could show

* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death [or to be

of long continued and indefinite duration].

In 1965 the bracketed language was liberalized to read:

* * * or has lasted or can be expected to last for a continuous period of not less than 12 months.

Appellant contends that the 1965 amendments are applicable [10] because there has been no final administrative decision on his current claim. In view of the effect of the regulations discussed above, 20 C.F.R. §§ 404.908 and 404.937, a "final administrative decision" does appear to have been made under the particular circumstances here. Assuming appellant's premise to be correct, however, the Hearing Examiner did consider the current application under the 1965 amendments and concluded that appellant did not come within their more be-

ministrative boards and the courts. To allow a claimant to file repeated applications based on the same accident but only for different time periods without any material medical change during those periods is certainly violating all principles of finality as set forth in the Social Security Act and accompanying regulations.

9. Gilliam v. Gardner, 284 F.Supp. 529 (D.S.C.1968), supports appellant's position on this point.

In our view the *Gilliam* decision is not in accord with the purpose of the Secretary's regulations to provide some measure of finality to administrative determinations. As appellee emphasized in its brief (pp. 26–27), the Secretary was given power under a 1956 amendment to the Social Security Act, § 205(b), 42 U.S.C. § 405(b), to prescribe regulations limiting the time within which a hearing may be requested. The *Gilliam* case, by refusing to apply the "res judicata" regulation if no hearing has been held, would appear to frustrate the Congressional intent.

In Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969), the court properly held the "res judicata" regulation inapplicable where a prior determination was reopened on account of error in accordance with 20 C.F.R. §§ 404.597, 404.598.

At any rate, even if the "res judicata" principle is eliminated from this case, it is apparent from the Examiner's compre-

hensive decision that he reviewed the record thoroughly, both under the prior concept of disability and the 1965 amendments, and found appellant not to be entitled to benefits. As the court stated in Dillingham v. Cohen, 403 F.2d 213, 215 (5th Cir. 1968), "leaving aside any question of res judicata, the findings of the Secretary * * * are supported by substantial evidence in the record. This Court, therefore, is powerless to intervene."

10. Appellee asserts that the 1965 change does not aid appellant in any event because the amendments deal with the *duration* of disability necessary for entitlement to benefits whereas here appellant's condition had not been found to be disabling at all. (TR. 66).

Appellee points to James v. Gardner, 384 F.2d 784, 786 (4th Cir. 1967), *cert. denied sub. nom.* James v. Cohen, 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 99 (1968), where the court said that "the 1965 amendments only altered the period of time that a disability, if established, must be likely to endure before the plaintiff was entitled to benefits; but * * * they did not change the required severity of the physical or mental impairments constituting 'disability,' as distinguished from their duration." *See also* Farley v. Gardner, 276 F.Supp. 270 (S.D. W.Va. 1967); Pearson v. Gardner, 267 F.Supp. 498 (W.D.Ark.1967).

neficent provisions.[11] There is substantial evidence in the record to support the Examiner's determination, which has been approved by the Appeals Council and the court below.[12]

 Finally, we find no merit in appellant's contention, raised for the first time at oral argument, that the case should be sent back for further review by the Secretary because appellant was not represented by counsel in the prior applications or in the hearing before the Examiner in the present suit. In the absence of a showing of clear prejudice or unfairness at the agency level proceedings, the lack of counsel is not a sufficient cause for remand. *See* Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968).

The order of the district court granting appellee's motion for summary judgment and denying the similar motion of appellant will be affirmed.

11. In his decision of April 14, 1967, the Hearing Examiner stated:

\* \* \* A further issue is whether the claimant was under a disability in that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of 12 months or to result in death, as provided in the Social Security Amendments of 1965. However, as claimant last met the special earnings requirements in the quarter ending December 31, 1959, claimant must establish that he was under a disability as defined in the pre-1965 and/or the 1965 Amendments to the Act, on or before such date.

\* \* \* \* \*

The Hearing Examiner makes the following findings based upon the preponderance of the evidence:

(1) The medical evidence herein does not objectively demonstrate loss of functional efficiency or subjective distress, that seriously curtailed claimant's physical or mental activities, on or before December 31, 1959.

(2) The claimant was not under a "disability" as defined in the pre-1965 and the 1965 Amendments to the Social Security Act, at a time when his application herein was effective.

(3) There is no medical evidence of record, which would substantiate a finding that claimant was medically precluded from performing one or more of the light and/or sedentary job duties described hereinbefore by Dr. Tuckman, on or before December 31, 1959, the date claimant last met the earnings requirements.

DECISION

Accordingly, it is the decision of the Hearing Examiner that the claimant is not entitled to a period of disability or to disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, in effect prior to the enactment of the 1965 Amendments or as amended thereby.

12. The scope of judicial review is whether the final decision of the Secretary is supported by substantial evidence. Social Security Act, § 205(g), 42 U.S.C. § 405 (g). See Labee v. Cohen, 408 F.2d 998, 1000 (5th Cir. 1969); Ferrell v. Gardner, 406 F.2d 1084 (4th Cir. 1969); Walters v. Gardner, 397 F.2d 89, 90 (6th Cir. 1968); Maloney v. Celebrezze, 337 F.2d 231, 233 (3d Cir. 1964).