**Andres SALDANA**

v.

**Caspar WEINBERGER.**

Civ. A. No. 75–1485.

United States District Court,
E. D. Pennsylvania.

July 2, 1976.

James S. Rothstein, Alan Linder, Central Pennsylvania Legal Service, Lancaster, Pa., for plaintiff.

Robert E. J. Curran, U.S. Atty. and Jeffrey H. Simcox, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM OPINION AND ORDER

A. LEON HIGGINBOTHAM, Jr., District Judge.

Plaintiff, Andres Saldana, is a 56 year-old uneducated farm laborer who is totally illiterate in any language and understands only Spanish. Saldana brought this action under § 205(g) of the Social Security Act (hereafter "Act"), 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare (hereafter "Secretary"),[1] denying plaintiff's second application for social security disability benefits. The plaintiff claims that he has been unable to engage in substantial gainful activity for a continuous period since the end of 1969 as

---

1. David Mathews succeeded Caspar Weinberger as Secretary of Health, Education and Welfare on August 11, 1975. David Mathews should be substituted as the defendant in this suit. However, no further action need be taken to continue this lawsuit by reason of the change in Cabinet personnel. 42 U.S.C. § 405(g).

a result of problems with his left knee, stomach, legs and back.

Saldana filed his initial application for benefits on July 6, 1972. That application was denied. Instead of appealing this adverse determination by filing a request for reconsideration, plaintiff submitted a second application for benefits. The second application was denied both initially and, following a timely request for review, upon reconsideration. The plaintiff was then granted a hearing before the Administrative Law Judge. On December 6, 1974 the Administrative Law Judge determined that Saldana was not entitled to disability benefits. The Appeals Council affirmed, on March 27, 1975, the Administrative Law Judge's decision and, thus, the hearing decision became the final decision of the Secretary. Both parties to this action have filed cross-motions for summary judgment. In the alternative, Saldana requests that the Court remand this case to the Secretary for the taking of additional evidence. The Secretary has moved to dismiss the action on the grounds that it is barred by the doctrine of *res-judicata*. The Secretary also avers that plaintiff's insured status for disability benefits expired as of March 31, 1970.

After a thorough review of the administrative record and briefs filed in support of the respective parties' motions, the Court finds good cause to remand this action to the Secretary for the taking of additional evidence in accordance with plaintiff's request. The plaintiff's motion to remand this action is GRANTED. Both parties' motions for summary judgment, as well as the defendant's motion to dismiss, are DENIED. The reasons for these rulings appear hereafter.

## I. FACTUAL BACKGROUND

The facts, as briefly developed at the administrative hearing, are easily summarized. The plaintiff, in addition to working as a farm laborer, also labored for a time as a chicken cleaner for a chicken packing establishment (Tr. 24–25). Beginning in 1957, Saldana lived at various times in Puerto Rico and in the United States; he took up permanent residence in this country as of 1968. The plaintiff asserted that he had been unable to work since 1969 because of a hernia and arthritis, as well as back, left knee and stomach pains. (Tr. 25–26, 60). As a result of his physical discomfort, the plaintiff stated that he was unable to do much walking outside of his home; he feared fainting spells (Tr. 28). It appears that Saldana did not do any repair work around the home, or shopping (Tr. 29), and entertained himself by watching television (Tr. 29).

Plaintiff's testimony on the extent of his illnesses, at least for the period from March 31, 1970 until the date of the administrative hearing, was buttressed by the testimony of a friend, Mr. Demetrio Soto (Tr. 16, 30–38).

The medical evidence introduced at the administrative hearing consisted of reports from Lancaster General Hospital and Lancaster Osteopathic Hospital. All of the reports were dated *after March 31, 1970*, the date on which the plaintiff's insured status for disability benefits expired. The medical evidence established that plaintiff, as of 1972, suffered from gastric and duodenal ulcers, an esophageal hernia (Tr. 132–40), and arthritis of the left knee, possibly triggered initially by an accident sustained at the age of 16 (Tr. 73). Prior to the recordation of these physical problems, the plaintiff had difficulty with his gall bladder, necessitating its surgical removal in November, 1971. The post-operative diagnosis was that Saldana's condition was excellent, but later medical records indicate that the stomach or epigastric pain experienced by the plaintiff was not remedied by this surgery (Tr. 134). As of late June, 1973 it appears that Saldana suffered from an active stomach ulcer which was positively responsive to the therapy prescribed by a Dr. Peterson (Tr. 139).

In addition to the above medical data, the plaintiff asserts that he first visited Dr. Fishman, one of the attending physicians during Saldana's gall bladder surgery, in 1969. Saldana also maintains that part of his stomach was removed as a result of ulcers in 1971.

There are several arguments advanced in support of the parties' respective motions for summary judgment, dismissal and remand. The Secretary urges: (1) that the administrative determination rendered on the plaintiff's first application for benefits is *res judicata* on the issues raised by the second application for benefits; (2) that even if the Court finds the doctrine of *res judicata* inapplicable in this instance, the Secretary's decision must be affirmed, for the administrative record is devoid of any medical evidence that supports plaintiff's testimony that he was totally disabled prior to March 31, 1970; (3) that none of the illnesses complained of would render plaintiff unable to engage in substantial gainful activity; (4) that plaintiff has been unable to demonstrate either good cause for remand or clear prejudice at the administrative hearing despite lack of representation by counsel at the administrative hearing; and, above all, (5) that the Secretary's decision is supported by substantial evidence. On the other hand, the plaintiff contends that: (1) the Secretary's decision is not supported by substantial evidence—there is no medical evidence prior to March 31, 1970 which contradicts plaintiff's subjective testimony of pain and disability; (2) that the evidence of record establishes that plaintiff was totally disabled prior to March 31, 1970; (3) that the doctrine of *res judicata* does not bar this action for review, because, in effect, plaintiff's second application for benefits constituted a petition to reopen the denial of his first application in accordance with 20 C.F.R. § 404.957(b); and, finally, (4) that both the availability of "new and material evidence," and the "clear prejudice" resulting from the failure of the Administrative Law Judge to secure all the medical records in support of plaintiff's claim, in the absence of legal counsel, warrant remand of this action for the taking of additional evidence.

## II. MOTION TO DISMISS

■ As stated above, the application upon which this lawsuit is based is the plaintiff's second application, filed August 29, 1973. The Secretary asserts that after Saldana failed to appeal the Sept. 13, 1972 denial of his first application, that adverse determination became final and binding on the plaintiff; administrative *res judicata* allegedly bars consideration of Saldana's request for review by this Court. In *Coulter v. Weinberger*, 527 F.2d 224, 228 (3d Cir. 1975), one panel of judges for the Court of Appeals for the Third Circuit recently considered the operation of administrative *res judicata* in social security cases. Judge Weis, writing for a unanimous court, found that:

> Administrative *res judicata* is a significant aid to the efficient operation of an adjudicative agency. However, strict adherence to *res judicata's* restrictive effects is not particularly appropriate in an administrative setting where the claimants are generally not represented by counsel and the process is not based on adversarial concepts.

Judge Weis also noted that the Social Security Administration, wisely recognizing the need for relaxation of the *res judicata* rule in an administrative setting, promulgated a regulation which permitted the reopening of initial, reconsidered, or even final decisions of the Secretary under certain specified conditions, one of which is as follows:

> An initial . . . determination of the Administration . . . may be reopened:
>
> (a) Within 12 months from the date of the notice of the initial determination (See 404.907), to the party . . .

20 C.F.R. § 404.957(a). Plaintiff's second application, filed within the prescribed twelve month period, falls squarely within the stated terms of the above regulation. The fact that Saldana's petition for reversal of the initial denial of his claim for benefits is denominated a "second application" rather than a "request for reconsideration" is immaterial. *Brinker v. Weinberger*, 522 F.2d 13, 15 (8th Cir. 1975). As other judges have previously recognized, the "dictates of equity and fundamental fairness that allow a decision to be reopened preclude use of the same decision as a foundation for *res*

*judicata."  Brinker v. Weinberger, supra,* 522 F.2d at 15.

The Secretary relies on *Domozik v. Cohen,* 413 F.2d 5 (3d Cir. 1969), as well as *Moore v. Celebrezze,* 252 F.Supp. 593 (E.D. Pa.1966), *aff'd per curiam,* 376 F.2d 850 (3d Cir. 1967), in support of the Government's assertion that *res judicata* bars judicial review of the Secretary's final decision in this case.  However, the facts here are drastically different from those reviewed by the Court of Appeals for the Third Circuit in either of the aforementioned opinions.  In *Domozik,* the plaintiff had filed two applications prior to the third application presented for the court's consideration.  After receiving adverse decisions on both prior applications, the plaintiff let a period of more than four years lapse without either seeking any further administrative review or attempting to reopen a decision of the Secretary for good cause or error.  Only after this extensive time lag did Domozik file a third application for benefits.  In *Moore,* the claimant waited more than five years after the final denial of his first application before he filed a second application for benefits.  Because of the vastly different factual pattern in this case, I have no difficulty in construing plaintiff's second application for benefits as an effort to reopen a prior adverse determination, in compliance with the spirit, if not the letter, of the agency's regulations.

### III.  MOTION FOR SUMMARY JUDGMENT OR REMAND

■ The fundamental question in this case, then, is whether the Secretary's denial of benefits is supported by "substantial evidence" in the administrative record, that is, such "relevant evidence" as a "reasonable person might accept to support the conclusion" that Andres Saldana is not entitled to disability benefits. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); See also *Palmer v. Celebrezze,* 334 F.2d 306, 308 (3d Cir. 1964).  Consistent with the remedial purposes of the Social Security Act, the district court is also empowered to remand a case to the Secretary, on good cause shown, where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits. It is clear in this judicial district and circuit that lack of counsel in a social security disability hearing is not sufficient cause for remand, without some showing of either unfairness or clear prejudice at the administrative level.  *Domozik v. Cohen, supra.* This case must be remanded for the taking of additional evidence for both good cause and clear prejudice in the administrative hearing have been well-demonstrated.

■ In part, the Administrative Law Judge's narrow view of his role in the administrative hearing, coupled with plaintiff's lack of legal counsel at that hearing, necessitate remand of this case.  In response to questions from Mr. Soto, Saldana's only witness at the hearing, the Administrative Law Judge agreed to permit the plaintiff to submit after the close of the hearing any additional medical reports in support of his claim for disability benefits.  Specifically, the Administrative Law Judge stated: "If there is any other evidence— medical evidence, then you have the doctor send a report to me" (Tr. 37).  The essential difficulty with the Administrative Law Judge's aforementioned statement is that it offered insufficient guidance to Mr. Saldana in presenting his claim for benefits.  The plaintiff, as an unrepresented Spanish-speaking claimant, could not understand the niceties of the special earnings requirement of the Act without the assistance either of counsel or of the Administrative Law Judge.  All the medical exhibits received as evidence at the hearing concerned illnesses which postdated the March, 1970 expiration of Saldana's insured status under the Act.  At no time did the Administrative Law Judge tell either the plaintiff or Mr. Soto that medical records and/or lay testimony relating to Saldana's physical condition *prior to March, 1970* had to be submitted in order for plaintiff to have even a colorable chance of securing an award of disability benefits.  It was patently evident prior to the close of the hearing that Mr.

Saldana did not understand the significance of the period of disability coverage. The only witness testifying on plaintiff's behalf at the administrative hearing had not seen Saldana during the critical period from the end of 1969, the alleged beginning of the disability, through March 31, 1970, the termination date for plaintiff's insurance coverage. However, it appears that other witnesses, aware of Saldana's condition prior to March 31, 1970, were available to testify on his behalf. Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, Exhibit "A". The Administrative Law Judge's willingness to review medical records submitted after the close of the hearing was of little aid to Mr. Saldana, who, infused with the hope of successfully persuading the Administrative Law Judge to grant his claim for benefits, would continue to submit irrelevant medical reports. Mr. Saldana was like a mariner setting sail on dark waters without a compass or a sextant to guide his way.

A panel of judges for the Court of Appeals for the Third Circuit, in an opinion authored by Judge Weis, recognized that:

> Although the burden is upon the claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.

*Hess v. Secretary of H.E.W.*, 497 F.2d 837, 840 (3d Cir. 1974).[2] Mr. Saldana, in his applications for benefits, noted that his first visit to Dr. Fishman took place in 1969 (Tr. 72, 82, 90). In accordance with Judge Weis' opinion in *Hess*, at the very least, the Administrative Law Judge had the responsibility to advise Mr. Saldana of the importance of medical records and/or testimony concerning his 1969 visits with Dr. Fishman, as well as the need for any other medical or lay evidence pertinent only to the pre-

March, 1970 period. Here, in the absence of legal counsel to guide his client in the presentation of relevant evidence in support of his disability claim, the lack of such advice from the Administrative Law Judge was clearly prejudicial to the interests of Mr. Saldana.

In addition to the above, this case must also be remanded because of the Administrative Law Judge's failure to consider the subjective evidence of pain and disability presented by Mr. Saldana. Failure to consider such evidence provides good cause for remand. Although one sentence in the hearing decision makes mention of Saldana's complaints, the remainder of the brief opinion dwells on the fact that the *medical evidence* failed to substantiate any seriously disabling impairment during the period prior to March 31, 1970. However, it has been established, without question, that subjective complaints of pain, unaccompanied by objective medical data, may support a claim for disability benefits. *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir. 1971). Pain, in itself, may be a disabling condition. *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). Mr. Saldana's complaints of pain dated back to 1969, prior to the end of his disability coverage (Tr. 25–26). While the Administrative Law Judge, as a finder of fact, has the right to reject the plaintiff's testimony entirely, he must state the reasons for his acceptance or rejection. Given the state of the present record, it is unclear whether the Administrative Law Judge even weighed Mr. Saldana's testimony.

The Social Security Administration and/or the Administrative Law Judge, in informing claimants of their right to representation by counsel in the administrative hearing, should also state that counsel is available to represent indigent claimants without charge. Any other notice of the

**2.** The Administrative Law Judge, at the request of plaintiff's friend, Mr. Soto, did secure medical records relating to plaintiff's leg surgery. However both the surgery and the records pertinent thereto related to a period long after the expiration of plaintiff's disability insurance (Tr. 36). The Administrative Law Judge was aware of that fact at the time he secured the medical records.

right to legal representation would be of no value to indigent claimants, unable to retain private attorneys. Without this information it is farcical for the Secretary to maintain that a claimant waived his or her right to be represented by counsel. Cf. *Rosa v. Weinberger*, 381 F.Supp. 377, 381 (E.D.N.Y.1974).

This action is REMANDED for the taking of additional evidence.