Rafael APONTE

v.

Louis SULLIVAN, Secretary of Health & Human Services.

No. 92–4586.

United States District Court, E.D. Pennsylvania.

March 4, 1993.

Anne L. Cooper, Jacques H. Geisenberger, Jr., Lancaster, PA, for plaintiff.

Dorothea J. Lundelius, Special Asst. U.S. Atty., Health & Human Services, Mark R. Kmetz, U.S. Attys Office, James G. Sheehan, Asst. U.S. Atty., Civ. Div., Philadelphia, PA, for defendant.

278

## MEMORANDUM

GILES, District Judge.

Plaintiff seeks review of the Department of Health and Human Services' denial of his application for benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–33. Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction. For the reasons stated below, defendant's motion is denied.

## I. BACKGROUND & PROCEDURAL HISTORY

Title II of the Social Security Act provides disability benefits for a claimant who demonstrates that he suffers a physical or mental disability within the meaning of the Act and that the disability arose prior to the expiration of his insured status. *See* 42 U.S.C. § 423. The United States Supreme Court has succinctly described the scheme of administrative decision-making and judicial review established by the Act for the determination of Title II eligibility:

> The administrative process is begun when [the claimant] files a claim with the Social Security Administration.... If the claim is administratively denied, regulations permit administrative reconsideration within a six-month period.... Should a request for reconsideration prove unsuccessful, the claimant may, within 60 days, ask for an evidentiary hearing before an administrative law judge, ... and a discretionary appeal from an adverse determination of the law judge lies to the Appeals Council.... Finally § 205(g) of the Act, 42 U.S.C. § 405(g), authorizes federal judicial review of "any final decision of the Secretary made after a hearing to which [the claimant] was a party...."

*Califano v. Sanders*, 430 U.S. 99, 101–02, 97 S.Ct. 980, 981–82, 51 L.Ed.2d 192 (1977) (citations omitted). Judicial review must be

sought within sixty days after the Appeals Council mails notice of its decision. 42 U.S.C. § 405(g).

Plaintiff's attempt to secure Title II benefits began more than seven years ago.[1] He first filed an application for Title II disability benefits in October, 1985 alleging that he had been disabled since November 1, 1981. That application was denied in March, 1986. No appeal was taken.

In January, 1987, plaintiff again applied for Title II benefits, again alleging disability since November 1, 1981. This application was denied initially and upon reconsideration in March and May, 1987. Plaintiff did not request a hearing before an administrative law judge ("ALJ") following the denial upon reconsideration.

In July, 1989, plaintiff filed a third application for disability insurance benefits, alleging disability since May 1, 1981.[2] This third application was denied initially and upon reconsideration in September and November, 1989. Following this denial upon reconsideration, plaintiff filed a timely request for a hearing before an ALJ. In August, 1990, an ALJ dismissed plaintiff's request for a hearing. The ALJ held that the May, 1987 denial of plaintiff's claim became the final decision of the Secretary when plaintiff failed to further pursue his administrative remedies. The ALJ further found that the evidence submitted by plaintiff with his request for a hearing was either duplicative of the evidence submitted in his previous applications, or was irrelevant to his claim. Because the new claim involved the same facts and issues as the earlier denied claim, the ALJ held that the May, 1987, denial was *res judicata* of the issues raised in the new claim. Consequently, plaintiff's request for a hearing was dismissed.[3]

In October, 1990, plaintiff requested Appeals Council review of the ALJ's dismissal.

---

1. The following facts are taken from the affidavit and exhibits submitted by defendant, and are not materially disputed.

2. In addition, plaintiff filed an application for Supplemental Security Income ("SSI") benefits. This SSI claim is not before us.

3. 20 C.F.R. § 404.957(c)(1) provides that an ALJ may dismiss a request for a hearing if "[t]he doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."

In November, 1991, the Appeals Council declined to review the ALJ's decision. Plaintiff did not seek judicial review of the Appeals Council's action.

In February, 1992, plaintiff filed a fourth application for Title II benefits, alleging disability since October 1, 1981. The application was dismissed initially and upon reconsideration in April, 1992. Plaintiff requested a hearing before an ALJ. On June 5, 1992, the ALJ issued an order dismissing plaintiff's request for a hearing. The ALJ held that the November, 1991 refusal by the Appeals Council to review the previous ALJ's use of *res judicata* became a final, binding decision when plaintiff neglected to seek judicial review within sixty days. Therefore, the current application was not properly before him. Plaintiff was notified that he had 60 days to request an Appeals Council review of the order. Plaintiff did not request Appeals Council review, but instead filed this civil action on August 5, 1992. Defendant now moves pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

Defendant argues that the only possible source of federal jurisdiction for review of Social Security benefit determinations is through the judicial review provisions of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[4] The Act specifies that judicial review is available only from a "final decision of the Secretary made after a hearing." *Id.* In the instant case, the last action taken by the Secretary, in June, 1992, was a dismissal of plaintiff's request for a hearing.[5] Defendant argues that a dismissal of a hearing request is not a "final decision of the Secretary made after a hearing" within the mean-

ing of § 405(g). Therefore, defendant concludes, this court is without jurisdiction to hear plaintiff's complaint.

■ Defendant is correct that judicial review of Title II benefits decisions is routed through the provisions of § 405(g). It is also true that a dismissal of a hearing request without holding a hearing is not a "final decision of the Secretary made after a hearing," and so judicial review of such a dismissal is generally not available. However, such review is available when the plaintiff makes a colorable constitutional claim against the Social Security Administration. Because such a claim is presented in the instant case, this court does have jurisdiction, and defendant's motion must be denied.

### A. Judicial Review is Available to a Plaintiff who Makes a Colorable Constitutional Claim

The jurisdictional question presented in the instant case was addressed by the Supreme Court in *Califano v. Sanders, supra.* Respondent Sanders filed a Title II claim with the Social Security Administration in January, 1964. His claim was denied initially and upon reconsideration. Sanders then requested a hearing before an ALJ. The ALJ found that Sanders was ineligible for benefits because he had not demonstrated a relevant disability of sufficient severity. The Appeals Council sustained this decision, and Sanders did not pursue the judicial review of the Secretary's final decision which was available to him under 42 U.S.C. § 405(g).

Almost seven years later Sanders filed a second claim alleging the same bases for eligibility. His claim was again processed through administrative channels under the Secretary's regulations, denied at the initial

---

4. 42 U.S.C. § 405(g) is the only basis for federal jurisdiction set forth in the complaint. However, the parties' briefs address other possible bases for jurisdiction, and we in turn will address them in this memorandum.

5. The complaint is framed as an appeal from the denial of benefits which became final in November, 1991 when the Appeals council declined review. Considered as such, it is untimely, since 42 U.S.C. § 405(g) requires that such an appeal be filed within sixty days of the Appeals Council's

action. However, the complaint may equally well be considered as an appeal from the June 5, 1992 order by an ALJ dismissing plaintiff's request for a hearing. The briefs of both parties recognize that this civil action is properly considered as such an appeal. Because a complaint should not be dismissed for lack of jurisdiction if it reveals that any grounds for jurisdiction exist, *Doran v. Lee,* 287 F.Supp. 807, 813 (W.D.Pa. 1968), we consider it to be an appeal from the June, 1992 decision.

and reconsideration stages, and then presented to an ALJ. The ALJ viewed the new application as barred by *res judicata,* but also treated the application as requiring determination of whether Sanders was entitled to have his prior application reopened. The ALJ concluded that Sanders' evidence was merely repetitious and cumulative, and found that there were no errors on the face of the evidence. Therefore, the ALJ declined to reopen and dismissed the claim. Sanders thereupon filed an action in federal district court challenging the Secretary's decision not to reopen. Jurisdiction was argued to exist through the general grant of federal question jurisdiction, 28 U.S.C. § 1331, and § 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–04, as well as 42 U.S.C. § 405(g).

The United States Supreme Court held that the district court was without jurisdiction to review the Secretary's decision not to reopen Sanders' claim. The Court first reaffirmed its earlier decision that judicial review of Title II disability determinations is not available under the general grant of federal question jurisdiction, 28 U.S.C. § 1331. *Sanders,* 430 U.S. at 103 n. 3, 97 S.Ct. at 983 n. 3 (citing *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The Court further held that the Administrative Procedure Act does not provide an implied grant of subject matter jurisdiction which would allow judicial review of agency action. *Sanders,* 430 U.S. at 104–07, 97 S.Ct. at 983–85. Thus, all judicial review of Social Security benefits determinations must be routed through 42 U.S.C. § 405(g).[6]

Having concluded that the only route to judicial review of the Social Security Administration's decision was through § 405(g), the *Sanders* Court held that § 405(g) itself does not authorize judicial review of the Secretary's decision not to reopen a claim. 430 U.S. at 107–09, 97 S.Ct. at 985–86. Section 405(g) provides: "any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within 60 days." The Supreme Court held that the plain language of § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" The decision of the Secretary not to reopen the prior final decision was made without a hearing, and therefore was not reviewable under § 405(g). *Sanders,* 430 U.S. at 107–08, 97 S.Ct. at 985–86; *Penner v. Schweiker,* 701 F.2d 256, 260 (3d Cir.1983).[7]

This interpretation of the Act's judicial review provisions is essential to the preservation of the Act's administrative scheme:

[A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.... Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously de-

---

6. The Supreme Court's decisions limiting judicial review of Social Security Administration benefits determinations to the provisions of § 405(g) have been grounded in the language of § 205(h) of the Social Security Act, 42 U.S.C. § 405(h), which provides:

No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The Supreme Court has not decided if § 405(h) forecloses mandamus jurisdiction under 28 U.S.C. 1361 (mandamus against federal official). *See Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (assuming without

deciding that § 405(h) does not foreclose mandamus jurisdiction in all Social Security cases). As a general rule, mandamus is an extraordinary remedy which is only available if a plaintiff has exhausted all other avenues of relief and the defendant owes a clear non-discretionary duty. *Id.,* 466 U.S. at 616–17, 104 S.Ct. at 2022–23; *Kerr v. United States District Court,* 426 U.S. 394, 402–03, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976). In light of our disposition of this case, we need not address the question of whether mandamus is available here.

7. The Secretary has statutory authority to deny a petition to reopen a prior final decision without holding a hearing. *See* 42 U.S.C. § 405(b); *Sanders,* 430 U.S. at 108, 97 S.Ct. at 986.

signed to forestall repetitive or belated litigation of stale eligibility claims.

*Sanders*, 430 U.S. at 108, 97 S.Ct. at 985.

The Supreme Court recognized a single exception to the general rule that the Secretary's refusal to reopen a previous final decision is not subject to judicial review. The Court acknowledged that in two previous cases, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), and *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), it had authorized judicial review under § 205(g) of the Secretary's decision to deny or discontinue social security benefits notwithstanding the absence of a prior hearing. In both instances, however, the claimants challenged the Secretary's decisions on *constitutional* grounds. The *Sanders* Court explained:

> Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions. Furthermore, since federal-question jurisdiction under 28 U.S.C. § 1331 is precluded by § 205(h), *Weinberger v. Salfi, supra*, ... a decision denying § 205(g) jurisdiction in *Salfi* or *Eldridge* would effectively have closed the federal forum to the adjudication of colorable constitutional claims. Thus those cases merely adhered to the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the extraordinary step of foreclosing jurisdiction unless Congress' intent to do so is manifested by clear and convincing evidence.

*Sanders* 430 U.S. at 108–09, 97 S.Ct. at 985–86 (internal quotes omitted).

Thus, judicial review of the Secretary's decision not to reopen a claim *is* available under 42 U.S.C. § 405(g) when the claimant presents "colorable constitutional claims." Since *Sanders*, courts in the third circuit have accepted the Supreme Court's invitation to carve out an exception to the general rule in cases where a Social Security claimant makes a colorable claim that the Secretary's decision violated the Constitution. *See, e.g., Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (claimant raised colorable constitutional claim that Secretary violated his due process rights by failing to provide him with adequate notice of his right to request a hearing).

### B. Plaintiff's Colorable Constitutional Claim

Plaintiff argues that his fifth amendment right to due process of law was violated when the ALJ who dismissed his claim in August 1990 used administrative *res judicata* to dispose of the claim without holding a hearing on the merits. The Appeals Council failed to correct this alleged deprivation when it declined to review the ALJ's decision in November, 1991. Plaintiff's attempt to reopen the case by making his most recent application for benefits in February 1992 also failed.[8] He now seeks review in this court to correct this alleged violation of his constitutional rights. We find that plaintiff has made a colorable constitutional claim, and therefore we have jurisdiction.

Plaintiff cannot make a colorable claim that the use of administrative *res judicata* in and of itself is a due process violation. The use of administrative *res judicata* in Title II benefits decisions is directed by the Social Security Administration's regulations, 20 C.F.R. § 404.957(c)(1), and has been explicitly sanctioned by the third circuit. *See, e.g., Domozik v. Cohen*, 413 F.2d 5 (3d Cir. 1969); *see also United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642 (1966) ("When an administrative agency is

---

8. Plaintiff's February, 1992, application was an application for benefits, rather than an attempt to reopen his claim. *See* Defendant's Exhibit "9" (application for disability insurance benefits, dated February 3, 1992). However, in cases involving repeated applications, the Secretary treats the latest application as a request for reopening of the prior decision when it appears that the claimant's most recent application presents the same issues presented in previous applications. *See* Defendants Memorandum Of Law p. 10; *Sanders*, 430 U.S. at 103 (ALJ treated Sanders' new application as requiring determination of whether he was entitled to have his prior claim reopened).

acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."). The huge number of claims processed by the Social Security Administration, *see, e.g., Califano v. Boles,* 443 U.S. 282, 283, 99 S.Ct. 2767, 2768, 61 L.Ed.2d 541 (1979) (nearly 150,000,000 claims filed in fiscal year 1977), makes the availability of administrative *res judicata* especially important as a means to avoid repetitive and untimely litigation. *See Domozik,* 413 F.2d at 7–8; *Moore v. Celebrezze,* 252 F.Supp. 593, 595 (E.D.Pa. 1966), *aff'd sub nom. Moore v. Gardner,* 376 F.2d 850 (3d Cir.1967).

■ Plaintiff argues that *res judicata* should not be applied in a Social Security claim until after there has been a hearing on the merits. Plaintiff's memorandum p. 18 (citing *Townend v. Cohen,* 296 F.Supp. 789 (W.D.Pa.1969)). The third circuit has rejected this argument. *See Domozik,* 413 F.2d at 7–8 (rejecting claimant's argument that Social Security Administration's *res judicata* regulations "should be applied only where a claimant fails to seek review following the holding of a hearing and not where an application is rejected in an 'ex parte' determination by the Social Security Administration."). Thus, the bare assertion that *res judicata* principles were used to reject plaintiff's claim without ever holding a hearing does not present a colorable constitutional claim in this circuit.

■ However, plaintiff's argument goes beyond the bare assertion that the use of administrative *res judicata* without ever holding a hearing is a denial of due process. He argues that a due process violation may be found in the notice given to him when his claims were denied at the administrative level. These notices allegedly stated that he had a right to request a hearing, but failed to inform him of the adverse consequences of not doing so. In particular, the notice told plaintiff that even if he did not appeal he could still reapply for benefits, but failed to inform him that on reapplication his prior denial could be *res judicata* on his new claim. Because defective notice can give rise to due

process violations in some circumstances, *See, e.g., Penner v. Schweiker, supra; compare Dealy v. Heckler,* 616 F.Supp. 880, 884–88 (W.D.Mo.1984) (due process violation when claimant relied upon notice that she had right to file another application at any time, and claimant was unaware of doctrine of administrative *res judicata* ), we find that plaintiff has made out a colorable constitutional claim sufficient to give us subject matter jurisdiction.

### III. CONCLUSION

Because we find that plaintiff has made a colorable constitutional claim, defendant's motion to dismiss for lack of subject matter jurisdiction must be denied, and defendant must answer the complaint. We stress, however, that this ruling is not dispositive of the merits of plaintiff's claim. Instead, it insures that our ruling on plaintiff's allegations of constitutional injury will be based upon a complete record and that the parties will have a full opportunity to brief the due process issue.

An appropriate order follows.

### ORDER

AND NOW, this 4th day of March, 1993, upon consideration of defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and plaintiff's response thereto, it is hereby ORDERED that defendant's motion is DENIED.