Sawyer THOMPSON, Plaintiff-Appellant,

v.

Elliott L. RICHARDSON, Secretary of Health, Education & Welfare, Defendant-Appellee.

No. 220, Docket 71-1400.

United States Court of Appeals, Second Circuit.

Submitted Nov. 8, 1971.

Decided Dec. 20, 1971.

Sawyer Thompson, pro se.

L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., Robert A. Morse, U. S. Atty., Brooklyn, N.Y., Morton Hollander and Judith S. Ziss, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before FRIENDLY, Chief Judge, FEINBERG, Circuit Judge, and DAVIS, Judge.*

DAVIS, Judge:

Appellant Sawyer Thompson, an attorney, applied in May 1961, shortly before he became 65, for social security old-age retirement insurance benefits. He was informed on August 28, 1961 that he was entitled to such benefits but that he had not supplied sufficient information as to his self-employment earnings as a lawyer in 1958, 1959, and 1960 to permit credit for those years—thus reducing his award. He was told at the same time that he could ask for reconsideration of the adverse determination within six months. There was no request for a hearing or reconsideration within that time but, over several years, appellant engaged in what he terms "continuous negotiations" with the Social Security Administration in an effort to prove that he had had enough earnings for the three omitted years so that they could be counted. Finally, in August 1968, he submitted additional evidence of his earnings (for 1958, 1959, and 1960) which was apparently acceptable in form and detail, but the Administration then informed him that it was too late to revise the original determination of August 1961 since over four years had elapsed. Appellant sought a hearing to overturn this ruling but the hearing examiner, without a hearing, dismissed his request on the ground that the determination of August 28, 1961 had become "administratively final" and could not be reopened. The Appeals Council affirmed, and this suit was brought in the Eastern District of New York to review the refusal to grant a hearing and to reopen. The Government moved for summary judgment which was granted by the court below and the complaint dismissed.

■ The Social Security Act, 42 U.S. C. § 405(b) authorizes the Secretary of Health, Education and Welfare to set by regulation the time for requesting a hearing, and it is firmly established that, in the absence of exceptional factors, administrative finality (or administrative *res judicata*) forecloses reopening or review of adverse determinations which have become final under the regulations. Hughes v. Finch, 432 F.2d 93 (4th Cir. 1970); Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970); Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969); Sangster v. Gardner, 374 F.2d 498 (6th Cir. 1967); Hobby v. Hodges, 215 F.2d 754, 759 (10th Cir. 1954).

■ The determination of August 28, 1961 had long become final under the Social Security Administration's regulations which provide, 20 C.F.R. § 404.908 (1971), that the "initial determination shall be final and binding upon the party or parties to such determination unless it is reconsidered in accordance with §§ 404.910–404.916, or it is revised in accordance with § 404.956."[1] The first

---

* Of the United States Court of Claims, sitting by designation.

1. After having threaded our way, and shuttled back and forth, in the complicated

reference (§§ 404.910–404.916) is to normal and routine reconsideration, with the ordinary six months time limit (of which remedy appellant did not avail himself at all). However, the regulations also authorize an extension of time of the ordinary six-months period, or a reopening of the determination, under certain conditions. Except for fraud or several other specific grounds (none of which is present here), there can only be reopening "within 4 years after the date of the notice of initial determination \* \* \* upon a finding of good cause for reopening such determination or decision" (§ 404.957(b)). Since the initial determination was given on August 28, 1961, this regulation barred reopening after August 28, 1965.

■ It is equally unavailing for appellant to rely on the extension-of-time provisions [2]—which are separate, and apparently distinct, from the "reopening" sections (see Cappadora v. Celebrezze, 356 F.2d 1, 3 n. 1 (2d Cir. 1966))—because the grant of an extension is barred where, as here, "the sole purpose of the request is to seek revision of an individual's earnings record or a finding as to wage or self-employment income after revision is precluded by the provisions of section 205(c)(4) or (5) of the [Social Security] Act [42 U.S.C. § 405(c)(4) or (5)]." 20 C.F.R. § 404.954(a) (1971). Under section 205(c)(4)(5), 42 U.S.C. § 405(c)(4)(5), changes in wage or self-employment records can readily be made prior to the expiration of the statutory time limita-

tion (three years, three months and fifteen days) following the year in question; that period had obviously expired, with respect to 1958, 1959, and 1960, well before 1968 when appellant first supplied the needed documentation.

■ After the expiration of the statutory time limitation, the departmental records are final with certain exceptions. Appellant relies on one of these, relating to the claimant's filing of an income tax return showing self-employment income which can be used to correct the agency's own records. 42 U.S.C. §§ 405(c)(4)(C) and (5)(F)(i). Since appellant wanted the Administration to accept his 1958–1960 earnings as reported on his tax returns, he argues that he fell within this exception. The difficulty is that the regulation requires the agency to accept the tax returns only if the latter would make the Administration's records "more nearly correct" (20 C.F.R. § 404.806(f) and § 404.807(1971), and it was the Administration's consistent position that, because Mr. Thompson's tax returns did not take account of the expenses of his law practice, they were not accurate reflections of self-employment earnings. In those circumstances, it would not be, and was not, an abuse of discretion to refuse to recognize the exception to finality which appellant invokes.[3]

■ Under 20 C.F.R. § 404.908, *supra*, the only other conceivable basis for holding the determination of August 28, 1961, not to be final would be revision under § 404.956 ("revision for error or

---

regulations, we find it most appropriate to reiterate, as this court said in Cappadora v. Celebrezze, 356 F.2d 1, 3 n. 1 (1966), in dealing with some of the same provisions, that the Social Security Regulations "are a model of what regulations addressed mostly to laymen—and even to lawyers—ought not to be." For one thing, a great amount of jumping back and forth is necessary; for another, it is extremely hard to discover the exact distinctions betwen reconsideration, reopening, revision, and extension-of-time.

2.  Mr. Thompson did not in fact request an extension of time under 20 C.F.R. §§ 404.-

953 or 404.954, but we are assuming, without deciding, that some of the voluminous correspondence with the Social Security Administration could be considered in effect such a request.

3.  Appellee contends that appellant's specific argument based on 42 U.S.C. § 405(c) (4) and (5) was not raised below and is therefore not open here, but we have dealt with it because the District Court refers, summarily, in its opinion to those statutory provisions as not being available to appellant.

other reason"), for instance on the basis of new and material evidence, but this procedure, like reconsideration, is subject to the four-year limitation of § 404.957(b), *supra.*

 The upshot is that, by 1968, when appellant finally submitted the necessary information, he was firmly barred under the regulations. When thereafter he sought a hearing, the hearing examiner correctly dismissed his request under 20 C.F.R. § 404.937(a) (1971), providing for such disposition where there has been a previous determination on the same issue which has become final "upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action \* \* \*".

Nevertheless, appellant says that he is entitled to be in court because the Government is estopped to rely on limitations and administrative finality by the actions of its agents during his "continuous negotiations" with them from 1961 to 1968. But whether or not estoppel against the Government can ever be raised in this type of case (see Filice v. Celebrezze, 319 F.2d 443, 446 (9th Cir. 1963)), there is no basis here for applying that doctrine. The materials presented by plaintiff-appellant show that what the Social Security Administration's employees did was to suggest to him, repeatedly, the kind of documents he needed to prove his case and where he might obtain them. There were no statements that he had unlimited or extra time to make this proof, or that any applicable period of limitations was being or would be tolled for one reason or another. No question of his was answered erroneously so as to cause him to believe he had more time than the regulations allowed, and he was never affirmatively lulled into letting limitations run or in delaying his proof. The Government's personnel were friendly and helpful, rather than curt or close-mouthed, but obviously an estoppel cannot arise from that sort of public courtesy. True, they continued to be helpful in the same manner even after all limitation periods had expired, and there was no real chance of reopening, but the Social Security Administration cannot be expected to take the initiative in warning claimants (who do not ask) of the pit-falls and traps of limitations, or in keeping abreast of all aspects of every case with which they deal. In this instance, there would be even less of such an obligation since Mr. Thompson, though old and infirm, was a lawyer and relatively knowledgeable.

Affirmed.