Donald Joseph KOZACZKA, Plaintiff,

v.

Richard SCHWEIKER, Secretary, Department of Health and Human Services, Defendant.[1]

No. CIV–80–533E.

United States District Court,
W. D. New York.

Sept. 3, 1981.

---

1. Richard Schweiker is hereby ORDERED substituted pursuant to Fed.R.Civ.P. rule 25(d) for the defendant originally named herein.

Gerald P. Seipp, Legal Assistance Program, S.U.N.Y., Buffalo, N. Y., for plaintiff.

Roger P. Williams, Acting U. S. Atty., Buffalo, N. Y. (Cheryl S. Fisher, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is an action to review the Secretary's denial of plaintiff's applications for disability insurance benefits and supplemental security income ("SSI"). 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have moved for summary judgment. I have concluded that the Secretary's decisions must be reversed and the case remanded for further proceedings.

In August, 1973 the Erie County (N.Y.) Department of Social Services found that plaintiff was disabled due to a personality disorder, seizure disorder and chronic alcoholism. Thus, plaintiff began receiving SSI benefits on a "rollback" basis when the SSI program went into effect January 1, 1974. He subsequently was notified that the Social Security Administration ("the SSA") no longer considered him eligible to receive SSI. Upon reconsideration, the SSA adhered to its decision that plaintiff was not disabled and so notified him in a letter dated December 9, 1974. Plaintiff requested an administrative hearing but then waived his right to appear and requested a decision based on the medical record. The Administrative Law Judge ("the ALJ") concluded in a written decision dated April 8, 1975 that plaintiff was not disabled. Plaintiff did not appeal the decision to the SSA's Appeals Council.

Plaintiff then filed an application for disability insurance benefits in which he claimed to be disabled, beginning in 1966, due to emphysema and seizure disorders.

Plaintiff subsequently changed the purported date on which his disability arose to March 1970. His application was denied June 20, 1979. Plaintiff filed a request for reconsideration of said denial July 26, 1979 and, at the same time, filed an application for SSI. Apparently, the SSA elevated plaintiff's SSI application to the reconsideration level due to the pendency of his request for reconsideration of his application for disability insurance benefits. Upon reconsideration the SSA issued notices denying plaintiff's claims for SSI and disability insurance benefits August 31, 1979 and September 2, 1979, respectively. Plaintiff requested an administrative hearing, which was held January 24, 1980. The ALJ issued a written decision February 8, 1980 denying both applications. This decision was affirmed by the SSA's Appeals Council June 16, 1980 and thereby became the Secretary's final decision.

■ An individual who is under a disability is entitled to receive disability insurance benefits provided that he is insured for such benefits, is under sixty-five years old and files an appropriate application. 42 U.S.C. § 423(a)(1). For the purposes of determining an individual's eligibility for disability insurance benefits, a disability is defined as:

> "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. § 423(d)(1)(A).

An individual is disabled only if his impairments are so severe that he is prevented from performing his previous work and any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). See, Parker v. Harris, 626 F.2d 225, 230 (2d Cir. 1980). Plaintiff last met the insured status requirement imposed for receipt of disability insurance benefits in June, 1973. Therefore, in order to receive such benefits, plaintiff must establish that he was disabled as of that date.

■ SSI is a federal program which provides benefits to aged, blind and disabled persons who have limited income and resources. 42 U.S.C. § 1382(a). The standard of disability under SSI "is virtually identical to the definition of disability used in disability insurance benefits cases * * *." Hankerson v. Harris, 636 F.2d 893, 895, n.2 (2d Cir. 1980). See, 42 U.S.C. § 1382c(a)(3)(A). In either case, the evidence which must be considered in making a determination whether an individual is disabled includes: (1) objective medical facts; (2) diagnoses and medical opinions based on such facts; (3) subjective evidence of disability, such as the individual's testimony regarding pain and discomfort; and (4) the claimant's educational background, age and work history. Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980); Marcus v. Califano, 615 F.2d 23, 26, n.2 (2d Cir. 1979); Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978).

Plaintiff was born in 1939 and received an eighth-grade education. He served in the United States Navy where he performed metal work on jet aircraft. He has also worked as a switchman for the Hanna Furnace Company and has been self-employed as a painter and carpenter. Plaintiff last worked in 1970. He has a long history of medical impairments such as chronic bronchitis, pulmonary emphysema, grand mal seizure disorder, alcoholism, esophagitis and gastritis. He has also suffered from anxiety, depression, paranoia and suicidal and homicidal ideation, and has been characterized as having an explosive personality.

Plaintiff was admitted to Our Lady of Victory Hospital in Lackawanna, N.Y. five times between 1966 and 1970. He exhibited symptoms such as nausea, abdominal pain and lightheadedness and was diagnosed as suffering from a chronic duodenal ulcer, chronic bronchitis, peptic esophagitis, pulmonary emphysema and seizure disorder. A vagotomy and a gastroenterostomy were performed in 1966. Plaintiff was admitted to the Veterans Administration Hospital in Buffalo, N.Y. from April 11, 1974 to July 19, 1974 due to nervousness, alcoholism and

gastric disorders. He was also admitted to Our Lady of Victory six times and to the Veterans Administration Hospital twice from 1975 to 1979. His longest admission was at the Veterans Administration Hospital from January 27, 1979 to June 29, 1979. It appears that he suffered from abdominal disorders, chronic bronchitis, pulmonary emphysema, alcoholism and psychological problems throughout this period.

The record contains statements from three physicians that plaintiff is disabled. Dr. JK, who has been plaintiff's treating physician since 1966, has consistently opined that plaintiff is disabled. Exhibit B–45. In a letter to the ALJ dated January 24, 1980, he stated:

"On the basis of my seeing [the plaintiff] for about the last twelve years, I can state that [the plaintiff] is incapable of working now and has been incapable of working since 1969 * * *. [Plaintiff's] personality disorder, seizure disorder, bronchitis, emphysema, gastritis, esophagitis and chronic anxiety reaction prevent him from gaining or maintaining employment.

"My examinations of this patient reveal a severe impairment. His physical conditions are exacerbated by his psychological conditions. * * *

" * * * [Plaintiff's] infirmities are disabling as to employment from July 1969 to the present time." Exhibit B–36.

Dr. SK, a staff psychiatrist at the Veterans Administration Hospital, also stated his belief that plaintiff is disabled. Exhibits B–32, B–38. In a letter dated January 18, 1980, Dr. SK indicated:

"[Plaintiff] exhibits the following manifestations of an explosive personality: easy irritability, low frustration tolerance, 'a short fuse,' and a proclivity to respond to pressure with anxiety and impulsive outbursts of anger, for which he is later frequently regretful and remorseful. It was noted also that [the plaintiff] is apt to be suspicious and distrustful and often becomes depressed.

"His seizure disorder has been well controlled by medication. However, his gas-tric problems do place an added burden on this psychologically vulnerable man, because bite reflex and periodic vomiting interfere with adequate nutrition and result in undue weight loss.

"For the above reasons, [the plaintiff] was not considered employable at the time of his discharge [June 29, 1979], and it is believed that he is not likely to become employable in the near future, if ever. Under the normal pressures of a work situation, his anxiety and tension would be easily mobilized, and with his low stress tolerance and the complicating factor of his inability to trust people, he would be apt to act impulsively, and potentially explosively or self-destructively." Exhibit B–38.

A staff psychologist at the Veterans Administration Hospital concurred in this statement by Dr. SK. Dr. L, a Veterans Administration staff physician, also opined that plaintiff is disabled. Exhibits B–30, B–32 and B–39.

In addition, a social worker at the Veterans Administration Hospital has indicated that plaintiff's explosive personality and alcoholism present a severe impairment to his ability to work. Exhibit B–29. The social worker believed that plaintiff is unemployable due to his antisocial behavior, lack of concentration and pain. Exhibit B–37.

Finally, a Registered Nurse specializing in psychiatric therapy at the Veterans Administration Hospital testified at the hearing. She had known plaintiff for about one year at the time of the hearing and saw him regularly while he was an inpatient at the hospital. She stated that plaintiff cannot cope with stress and that he has a low frustration tolerance, a volatile temper and a short attention span. The nurse also testified that plaintiff suffers from malnutrition and weight loss due to anxiety.

Based on the foregoing record, the ALJ concluded that plaintiff is not disabled within the meaning of the Social Security Act. In reaching this conclusion, the ALJ focused primarily on plaintiff's purported seizure disorder. The ALJ noted, for example, that the social worker failed to refer to

plaintiff's seizures, that the registered nurse did not observe any evidence of seizures and that records of the Veterans Administration Hospital indicate that plaintiff's seizures are controlled by medication. The ALJ also relied upon a pulmonary function study performed in 1974 which indicated minimal respiratory deficiencies. The ALJ seems to have totally ignored plaintiff's psychological problems on the grounds that they are "basically behavioral."

 In an action to review a determination of nondisability, the Secretary's findings of fact are conclusive if supported by substantial evidence and a court may affirm, reverse or modify the Secretary's decision, with or without remanding the case for a rehearing. 42 U.S.C. §§ 405(g), 1383(c)(3).

Initially, I must determine the effect of the Secretary's finding in 1975 that plaintiff was not disabled for purposes of receiving SSI. This question was not considered by the ALJ. On this appeal, however, the Secretary has argued that plaintiff's failure to challenge the 1975 decision renders *res judicata* plaintiff's current applications. The Secretary's findings and decisions after a hearing are binding upon all individuals who were parties to the hearing. 42 U.S.C. § 405(h). Moreover, a claimant who fails to seek further review of the Secretary's decision at any particular level forfeits his right to such review. 20 C.F.R. § 404.987(a). Thus, the principle of *res judicata* has been applied even when no formal hearing has been held with respect to a prior claim. *See, e. g., Thompson v. Richardson,* 452 F.2d 911 (2d Cir. 1971); *Leviner v. Richardson,* 443 F.2d 1338 (4th Cir. 1971); *Domozik v. Cohen,* 413 F.2d 5 (3d Cir. 1969). The Secretary's prior determination may, however, be re-opened under appropriate circumstances. *See,* 20 C.F.R. § 404.987, *et seq.*

 Under 42 U.S.C. § 405(h), the Secretary's conclusion in 1975 that plaintiff was not disabled for purposes of receiving SSI does make plaintiff's present claim that he is entitled to receive disability insurance benefits due to a disability dating back to 1970 *res judicata.* The fact that the ALJ

did not expressly base his decision on principles of *res judicata* is unavailing. *Domozik v. Cohen, supra,* at 7. Plaintiff last met the insured status requirement for disability insurance benefits in June, 1973 and the Secretary's 1975 conclusion that plaintiff is not disabled therefore bars plaintiff from collecting such benefits, unless the Secretary's 1975 findings are re-opened. Because the Secretary did not consider whether said findings should be reopened, plaintiff's application for disability insurance benefits must be remanded.

 With respect to plaintiff's application for SSI, however, the Secretary's 1975 decision does not have *res judicata* effect. Unlike disability insurance benefits, there is no insured status requirement for receipt of SSI. Thus, plaintiff is not limited to attempting to show a disability as of June, 1973 in order to receive SSI. Because different time periods are involved in plaintiff's current application for SSI than were involved in the Secretary's decision to terminate plaintiff's previous receipt of SSI benefits, plaintiff's failure to seek review of that decision does not bar his current SSI application.

 Turning to the merits of plaintiff's claim for SSI, the evidence conclusively establishes that plaintiff is disabled. Three physicians (including a psychiatrist), a psychologist and a social worker have all opined that plaintiff's personality disorders are disabling. Plaintiff's long history of related physical impairments, stretching over a period of fifteen years, lends powerful support to such opinions. The record contains no significant evidence which detracts from the severity of plaintiff's personality disorders. By focusing almost solely on plaintiff's seizure disorder, the ALJ ignored compelling evidence of disability. The fact that plaintiff's seizures may be controlled by medication is largely beside the point. A determination whether an individual is disabled must be made by considering the combined effect of the individual's impairments rather than by examining each impairment in isolation. *Cutler v. We-*

inberger, 516 F.2d 1282, 1285 (2d Cir. 1975); Landess v. Weinberger, 490 F.2d 1187, 1190 (8th Cir. 1974); Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971).

██ The ALJ also disregarded evidence of personality disorder on the grounds that plaintiff's impairments are "basically behavioral." However, the Social Security Act clearly includes mental impairments within its definition of disability. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Secretary's own regulations recognize that a disability may arise from "deeply ingrained maladaptive patterns of behavior * * *." 20 C.F.R. Subpart P, Appendix 1, § 12.-00(B)(3)(c). See, also, Id., § 12.04(A). Thus, plaintiff's claim for SSI is not barred by the fact that it is based on a personality disorder rather than a physical impairment. Flam v. Califano, 469 F.Supp. 793, 795 (E.D. N.Y.1979); Rayborn v. Weinberger, 398 F.Supp. 1303, 1310–1 (N.D.Ind.1975). Of course, a mental impairment is not disabling unless it prevents the claimant from engaging in substantial gainful activity. The evidence in the present case does establish such inability.

There appears to be no doubt that plaintiff meets the income and resource requirements for SSI. Therefore, because the record provides persuasive evidence of disability, a remand for further evidentiary proceedings relating to plaintiff's SSI application would serve no useful purpose. Parker v. Harris, supra, 626 F.2d at 235; Dunbar v. Califano, 454 F.Supp. 1261, 1268–9 (W.D.N. Y.1978).

Based on the foregoing discussion, the Secretary's denial of plaintiff's application for SSI is hereby ORDERED reversed. Plaintiff's application for SSI is remanded to the Secretary for the sole purpose of computing benefits. Plaintiff's application for disability insurance benefits is also ORDERED remanded to the Secretary for a determination whether the Secretary's conclusion in 1975 that plaintiff was not disabled should be re-opened. If re-opening is granted, the Secretary shall take into consideration subjective evidence of pain and suffering, the opinion of Dr. JK that plain-

tiff was disabled and the total effect of all of plaintiff's impairments in determining whether plaintiff was disabled as of June 1973.